24877. GREAT AMERICAN INDEMNITY CO. *v.* VICKERS.

DECIDED MARCH 24, 1936.

*W. B. Cody, Wilson, Bennett & Pedrick,* for plaintiff in error.
*J. N. McDonald, John S. Gibson,* contra.

STEPHENS, J. Mrs. Belle Vickers brought suit against Great American Indemnity Company, to recover damages for the loss of services of her minor son, Woodrow Vickers, on account of personal injuries sustained by him, due to alleged negligence of Richard B. Vickers as a motor common carrier through his servants in the operation of a motor truck along a public highway of this State. The suit was not brought against Richard B. Vickers, but was brought against the Great American Indemnity Company. The plaintiff's right to recover was predicated on an insurance policy which it was alleged had, pursuant to the provisions of the motor common-carrier act of 1931, been issued to Richard B. Vickers by the Great American Indemnity Company, by which the company had obligated itself "to pay all sums which the assured shall become liable to pay as damages imposed by law, arising out of bodily injuries (and loss of services incidental thereto), including death at any time resulting therefrom, to any person," caused from the operation of the motor truck of Richard B. Vickers, which caused injuries to the plaintiff's minor son. A copy of the policy, with the riders thereon, was attached to the petition by amendment. The salient portions of the rider placed thereon under the authority of the Public-Service Commission are as follows: "For freight-carrying vehicles. The policy to which this endorsement is attached is written in pursuance of and is to be construed in accordance with the act of the General Assembly of Georgia, approved March 1, 1931, known as the Georgia 'motor-carrier act of 1931,' act approved August 27, 1931, known as the Georgia 'motor common-carriers act of 1931,' and the reasonable and legal rules

and regulations of the Georgia Public-Service Commission adopted thereunder and applicable thereto. The policy is to be filed with the State in accordance with said statute. In consideration of the premium stated in the policy to which this endorsement is attached, the insurer hereby insures the motor vehicle described in the policy, and any motor vehicle substituted therefor, but no additional motor vehicle, and agrees to pay, within the limits of the policy or any endorsement attached thereto, any final judgment that may be obtained in any court of competent jurisdiction to compel such payment, in accordance with the terms of the policy to which this endorsement is attached. No condition, provision, stipulation, or limitation contained in the policy, or any other endorsement thereon, nor the violation of any of the same by the insured shall affect in any way the right of any person to recover for loss or damage to property (except cargo or merchandise being transported in and upon said vehicle) by the negligence of the insured, or relieve the insured from the liability provided in this endorsement, or from the payment to such person of any judgment, to the extent and in the amounts set forth in the policy. [Provides 30-days notice for cancellation.] This endorsement when countersigned by a duly-authorized representative of the company, and attached to policy M498642, issued to R. B. Vickers of Coffee, Georgia, shall be valid and form a part of this policy." Also there was a provision in the policy that "This policy is hereby amended to conform to the requirements of the so-called Motor Vehicle Financial Responsibility Law of any State or Province in which the automobile is registered or is being operated at the time of the accident, as respects any liability for bodily injury or death or liability for property damage covered by this policy, to the extent of the coverage and the limits of liability required by said law but in no event in excess of the limits of liability stated in this policy."

The defendant demurred generally on the ground that the petition as amended failed to set out any cause of action, and specially on the ground that it was not alleged in the petition that the defendant had entered into any contract of insurance to which the plaintiff was a party and by which she would be authorized to bring an independent action thereon directly against the defendant, and that it was not alleged that the defendant entered into any contract

of indemnity insurance with Richard B. Vickers which would bind the defendant jointly and severally with Richard B. Vickers to answer to the plaintiff for any damages sustained by her by reason of the negligence of Richard B. Vickers; that the petition failed to show any right in the plaintiff to bring an independent action directly against the defendant; that the petition contained no allegations to establish any right in the plaintiff to bring a direct action against the defendant, based upon any negligence of Richard B. Vickers or his agent or servant. The court overruled the demurrer, and the defendant excepted.

Counsel for the plaintiff in error make no insistence on the insufficiency of the petition as respects any cause of action against R. B. Vickers. They insist on the insufficiency of the petition solely on the ground that the plaintiff is not authorized to recover directly in a suit against the defendant on the insurance policy. We will therefore proceed to a disposition of the case on the assumption that the petition sets out a cause of action in so far as respects any allegations of negligence by Richard B. Vickers. It appears from the allegations in the petition, and the policy attached with the rider referred to, that the policy was issued to Richard B. Vickers pursuant to the motor common-carrier act of 1931 and also the motor-carrier act of 1931. The motor common-carrier act approved August 27, 1931 (Ga. L. 1931, p. 199, 203), provides, in section 7 (Code of 1933, § 68-612), that "No certificate [of public convenience and necessity required under the act to be issued to motor common carriers operating on the public highways in this State] shall be issued or continued in operation unless the holder thereof shall give and maintain bond, with adequate security, for the protection, in case of passenger vehicles, of the passengers and baggage carried, and of the public, against injury proximately caused by the negligence of such motor common carrier, its servants or agents; and in cases of vehicles transporting freight, to secure the owner or person entitled to recover therefor against loss or damage to such freight for which the motor common carrier may be legally liable; and for the protection of the public against injuries proximately caused by the negligence of such motor carrier, its servants or agents. The commission shall approve, determine, and fix the amount of such bonds, and shall prescribe the provisions and limitations thereof, and such bonds shall be for

the benefit of and subject to suit or action thereon by any person who shall sustain actionable injury or loss protected thereby. The commission may, in its discretion, allow the holder of such certificate to file, in lieu of such bond, a policy of indemnity insurance in some indemnity insurance company authorized to do business in this State, which policy must substantially conform to all of the provisions hereof relating to bonds, and must likewise be approved by the commission." The Public-Service Commission of Georgia, being the commission referred to in section 7 of the act by the rider attached to the policy issued to Richard B. Vickers, prescribed the provisions and limitations of the policy.

It is contended by counsel for the insurance company that the provision in the rider placed on the policy under the authority of the Public-Service Commission, that the insurer "agrees to pay within the limits of the policy or any endorsement attached thereto any final judgment that may be obtained in any court of competent jurisdiction to compel such payment, in accordance with the terms of the policy to which this endorsement is attached," and other language in the rider, fixes the liability of the company to pay only an amount which has been determined against it in a "final judgment after trial of the issue in an action against the assured," as is provided in the body of the policy. The policy with the rider on it placed there by the Public-Service Commission pursuant to the provisions of section 7 of the motor common-carrier act of 1931, becomes a statutory policy as required by this act; and the provisions of the act, respecting the character of the policy and the liability of the parties, are read into the policy and supersede all provisions, if any, to the contrary, either in the policy or in the rider attached thereto. *American Surety Co.* v. *Googe,* 45 *Ga. App.* 108 (163 S. E. 293). Section 7 of the motor common-carrier act quoted above, which provides for the giving of a bond by a motor common carrier before it shall obtain the certificate required by the act, provides that "the Commission may in its discretion allow the holder of such certificate [the motor common carrier] to file in lieu of such bond a policy of idemnity insurance in some indemnity insurance company authorized to do business in this State, which policy must substantially conform to all of the provisions hereof relating to bonds, and must likewise be approved by the Commission." It also provides that all the requirements as to

bonds shall apply to insurance policies required by the act; and that the motor common carrier as the holder of the certificate issued to operate, not only vehicles to transport passengers, but vehicles transporting freight, must give bond, not only for the protection of passengers and persons entitled to recover for loss of freight, but also "for the protection of the public against injuries proximately caused by the negligence of such motor carrier, its servants or agents." This provision of the statute, that the bond given by the carrier must be for the protection of the public against injuries proximately caused by the carrier's negligence, must, where the bond is approved by the commission as required by the act as a condition precedent to the issuance of the certificate to the carrier, be read into the bond and become one of the provisions thereof, anything in the bond or riders attached thereto to the contrary notwithstanding. The policy which was issued pursuant to the provisions of section 7 of this act with the approval of the commission, and the rider attached thereto, must, notwithstanding anything to the contrary in the policy or the rider, be construed as a policy obligating the insurer to indemnify against any injury to a member of the public, as the plaintiff in this case, which was proximately caused by the negligence of Richard B. Vickers as a motor common carrier in the operation of the freight motor truck which was covered by the policy. The policy obligates the insurer to pay any liability arising out of the negligence of the insured, without such liability having been fixed by any previous judgment against the insured. It is a policy of insurance against liability. *Laster* v. *Maryland Casualty Co.*, 46 *Ga. App.* 620 (168 S. E. 128); *LaHatte* v. *Wallon*, 53 *Ga. App.* 6 (184 S. E. 742). Since it is provided in section 7 of the motor common-carrier act that the bonds (which also include insurance policies) provided for in said section "shall be for the benefit of, and subject to suit or action thereon by, any person who shall sustain actionable injury or loss protected thereby," and since the plaintiff is the beneficiary thereof, she is entitled to bring suit thereon directly against the insurer without joining Richard B. Vickers as a defendant, and without having obtained any judgment against Richard B. Vickers establishing liability for the negligence alleged as proximately causing the injuries complained of. The conclusion arrived at in this case is based on the language in section 7 of the motor-carrier act of

1931, and the reasonable deductions therefrom. The decisions in other States cited and relied upon by counsel for the plaintiff in error, which are seemingly in conflict with the decisions here arrived at, were rendered in the light of the statutory provisions of those States, and will not be followed by this court. See Smith Stage Co. *v.* Eckert,.21 Ariz. 28 (184 Pac. 1001, 7 A. L. R. 995); O'Neal *v.* Pocahontas Trans. Co., 99 W. Va. 456 (129 S. E. 478); Criss *v.* United States Fidelity & Guaranty Co., 105 W. Va. 380 (142 S. E. 849); Ott *v.* American Fidelity & Casualty Co., 161 S. C. 314 (159 S. E. 635, 76 A. L. R. 4).

The petition set out a cause of action against the insurance company, and the court did not err in overruling the demurrer.

*Judgment affirmed. Sutton, J., concurs.*

JENKINS, P. J., concurring specially. In my opinion this case is controlled in principle by the prior decision of this court in *Laster* v. *Maryland Casualty Co.,* 46 *Ga. App.* 620 (supra), and by the recent decision in *LaHatte* v. *Walton,* 53 *Ga. App.* (supra).