GREAT AMERICAN INDEMNITY CO. *v.* VICKERS.

No. 11407. OCTOBER 16, 1936.

*Wilson, Bennett & Pedrick* and *W. B. Cody,* for plaintiff in error.
*J. N. McDonald* and *John S. Gibson,* contra.

HUTCHESON, Justice. Mrs. Belle Vickers brought suit against the Great American Indemnity Company, to recover damages for loss of services of her minor son, Woodrow Vickers, on account of personal injuries sustained by him, due to the alleged negligence of Richard B. Vickers as a motor common carrier, through his servants, in the operation of a motor truck along a public highway of this State. The suit was brought, not against Richard B. Vickers, but against Great American Indemnity Company as the sole defendant. The plaintiff's right to recover was predicated on an insurance policy which it was alleged had been issued, pursuant to the provisions of the motor common-carrier act of 1931 (Ga. L. 1931, p. 199), to Richard B. Vickers by Great American Indemnity Company. A copy of the policy, with the riders thereon, was attached to the petition. The Great American Indemnity Company demurred generally to the petition, and challenged the plaintiff's right to recover upon the insurance policy in a direct action against the insurer, without first having obtained a judgment against Richard B. Vickers, or having joined him as a party defendant. The court overruled the demurrer, and the Court of Appeals affirmed that ruling. *Great American Indemnity Co.* v. *Vickers,* 53 *Ga. App.* 101 (185 S. E. 150). The case is now before this court on the grant of a writ of certiorari to review the judgment of the Court of Appeals.

The policy attached to the petition and alleged to have been issued to Richard B. Vickers pursuant to the provisions of the act of 1931, supra, provides that the Great American Indemnity Company has obligated itself "to pay all sums which the assured shall become liable to pay as damages imposed by law arising out of bodily injuries (and loss of services incidental thereto) including death at any time resulting therefrom, to any person," caused from the operation of a certain motor truck of Richard B. Vickers, which motor truck caused injuries to plaintiff's minor son. Section 7 of the act of 1931 declares: "No certificate [of public convenience required under the act] shall be issued or continued in operation unless the holder thereof shall give and maintain bond, with adequate security, for the protection, in case of passenger-vehicles, of the passengers and baggage carried, and of the public, against injury proximately caused by the negligence of such motor common carrier, its servants or agents; and in cases of vehicles transporting

freight, to secure the owner or person entitled to recover therefor against loss or damage to such freight for which the motor common carrier may be legally liable; and for the protection of the public against injuries proximately caused by the negligence of such motor carrier, its servants or agents. The commission shall approve, determine and fix the amount of such bonds, and shall prescribe the provisions and limitations thereof; and such bonds shall be for the benefit of and subject to suit or action thereon by any person who shall sustain actionable injury or loss protected thereby. The commission may, in its discretion, allow the holder of such certificate to file, in lieu of such bond, a policy of indemnity insurance in some indemnity insurance company authorized to do business in the State of Georgia, which policy must substantially conform to all of the provisions hereof relating to bonds, and must likewise be approved by the commission." The following riders, pursuant to order of the commission, were attached to the policy: "For freight-carrying vehicles. The policy to which this indorsement is attached is written in pursuance of and is to be construed in accordance with the act of the General Assembly of Georgia approved March 1, 1931, known as the Georgia 'motor-carrier act of 1931,' act approved August 27, 1931, known as the Georgia 'motor common-carriers act of 1931,' and the reasonable and legal rules and regulations of the Georgia Public-Service Commission adopted thereunder and applicable thereto. The policy is to be filed with the State in accordance with said statute. In consideration of the premium stated in the policy to which this indorsement is attached, the insurer hereby insures the motor vehicle described in the policy, and any motor vehicle substituted therefor, but no additional motor vehicle, and agrees to pay, within the limits of the policy or any indorsement attached thereto, any final judgment that may be obtained in any court of competent jurisdiction to compel such payment, in accordance with the terms of the policy to which this indorsement is attached. No condition, provision, stipulation, or limitation contained in the policy, or any other indorsement thereon, nor the violation of any of the same by the insured, shall affect in any way the right of any person to recover for loss or damage to property (except cargo or merchandise being transported in and upon said vehicle) by the negligence of the insured, or relieve the insured from the liability provided in this indorse-

ment, or from the payment to any such person of any judgment, to the extent and in the amounts set forth in the policy. [The policy also provides for thirty days notice of cancellation.] This indorsement when countersigned by a duly authorized representative of the company, and attached" to the policy, "shall be valid and form a part of this policy." There was a provision that "This policy is hereby amended to conform to the requirements of the so-called motor-vehicle financial-responsibility law of any State or Province in which the automobile is registered or is being operated at the time of the accident, as respects any liability for bodily injury or death or liability for property damage covered by this policy, to the extent of the coverage and the limits of liability required by said law, but in no event in excess of the limits of liability stated in this policy."

According to the language and patent intendment of the statute (act of 1931) the bonds provided for therein are solely for the benefit of those persons who by reason of the negligence of the carrier, its servants or agents, may have a cause of action for damages (*Lasler* v. *Maryland Casualty Co.*, 46 *Ga. App.* 620, 168 S. E. 128; *LaHatte* v. *Walton*, 53 *Ga. App.* 228, 184 S. E. 742), such bonds being "for the benefit of and subject to suit or action thereon by any person who shall sustain *actionable injury* or loss protected thereby." (Italics ours.) If in the discretion of the commission the carrier is allowed to substitute a policy of "indemnity" insurance, such "policy must substantially conform to all of the provisions" of the statute "relating to bonds." This does not mean that the policy of insurance shall be substantially like the bond in all respects, but it does mean that it shall be substantially like the bond in that such policy of insurance "shall be for the benefit of and subject to suit or action thereon by any person who shall sustain actionable injury or loss protected thereby." This being true, the policy of insurance is not one of indemnity against loss as that term is generally understood; but is a direct and primary obligation to any person who shall sustain actionable injury or loss by reason of the negligence of the insured in the operation of his motor vehicles insured under the policy. The sustaining of *actionable injury* is, under the statute, the only condition precedent to a suit on the policy. When actionable injury is alleged in a suit on the policy, the terms of the statute are complied with, and the peti-

tioner upon proper proof of the injury is entitled to recover on the policy. The cause of action is not on the tort; but on the contract by alleging the occurrence of the condition precedent required by the statute, which statute is an integral part of the contract of insurance. The fact that the rider attached to the policy by authority of the commission, and other statements in the policy, provide that the insurer agrees to pay within the limits of the policy any final judgment that may be obtained to compel payment, does not determine the sole rights of the injured party under the contract. The contract of insurance, according to the rider attached, "is written in pursuance of and is to be construed in accordance with the" statute, and the policy itself recites that it is "amended to conform to the requirements" of the law of the State. Accordingly any provision in the policy of insurance, in so far as it may conflict with the plain provisions of the statute, must give way, and is superseded by the statutory provisions.

Cases involving contracts of indemnity, guaranty, and suretyship, and statutes of other States, are not controlling in the case at bar, and are helpful only when the purpose and language of the contracts or statutes involved are sufficiently similar in purpose and language to the provisions of the act of 1931 as to call for the application of analogous legal principles; the case at bar being decided solely on the provisions of the statute involved. In so far as the right of the injured party to sue directly upon the contract of insurance is concerned, the case is analogous to a contract of suretyship, in that under such contracts the surety may be sued separately from the principal. Code, § 103-309. This for the reason that there is a direct obligation assumed by the surety under the contract, and the substance and not the form of the contract is the material factor in determining the right to sue directly without joining, or previously obtaining judgment against, the principal. *Amos* v. *Continental Trust Co., 22 Ga. App.* 348, 95 S. E. 1025. By this we do not mean to say that all the attributes of suretyship attach to the insurance contract in the case at bar, but only in so far as, by reason of the statute pursuant to which it was given, it expresses a direct obligation to pay one sustaining an actionable injury by reason of the negligence of the insured, his servants or agents. From what we have said it follows that the judgment of the Court of Appeals should be affirmed.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent because of illness.*