32353. ZACHRY *v.* CITY COUNCIL OF AUGUSTA, for use, etc.

DECIDED MARCH 4, 1949.

*Pierce Brothers,* for plaintiff in error.
*Harris, Chance & McCracken, Robert J. Golden,* contra.

SUTTON, C. J. The City Council of Augusta, for the use and benefit of Mrs. J. T. Witt, sued Julian J. Zachry for $10,000 in

Richmond Superior Court. From the petition the following facts appear: On February 23, 1948, Clarence Robinson was licensed to operate a taxicab in Augusta, and was operating a motor vehicle for hire, and as required by an ordinance of the City of Augusta had given a bond in certain amounts for the protection of any person injured by him, his agents, or representatives, by the negligent operation of a motor vehicle for hire. Clarence Robinson was principal and Julian J. Zachry was security on this bond. On the date aforesaid, between 12 noon and 12:30 p. m., while Robinson was operating his taxicab, a 1938 DeSoto sedan, on Walker Street in Augusta, J. T. Witt was struck by the vehicle, causing injuries resulting in his death on March 31, 1948. Mrs. J. T. Witt was the wife of J. T. Witt at the time the injuries were inflicted and is now his widow. Witt was killed from injuries resulting when he was knocked down by the taxicab as it was backed into a parking space. The negligence of Robinson is described as follows: "(a) In failing to sound his horn before backing into said space; (b) in failing to warn the said J. T. Witt that it was his intention and desire to back into said space; (c) in failing to ascertain that said space was free of any person [before] backing into it; (d) in failing to wait until the said J. T. Witt had removed himself from said space; (e) in failing to give the said J. T. Witt a reasonable opportunity to remove himself from said space; and (f) in backing into said space when said space was partially occupied by J. T. Witt." The deceased was 68 years of age at the time of his death, and had a reasonable life expectancy of 10 years. His earning capacity was not less than $2400 per year and the value of his life was $24,000. Mrs. J. T. Witt, as his widow, is entitled to recover from the defendant $10,000, the defendant having obligated himself as surety for Robinson for the payment of this amount under the terms of the bond. Attached to the petition is a copy of the city ordinance and the bond executed pursuant thereto. This ordinance provides: "No license shall be granted under the captions of automobiles hauling passengers for fare, unless the person or corporation obtaining such license furnishes a public indemnity insurance policy (in no case will a binder or letter be accepted) in a reliable indemnity company, who are licensed in the City of Augusta to

do business, covering liability to persons in the sum of $10,000 and $20,000, and property in the sum of $1000, and approved by and deposited with the Clerk of Council at the time the license is granted, or in lieu thereof said person may furnish a personal bond with a solvent surety to be approved by the City Council. Said bond shall be in and deposited with the Clerk the sum of $10,000 and $20,000." The bond here involved was given to secure a license for the operation of a 1938 DeSoto sedan by Clarence Robinson, and was executed on January 21, 1948, and is signed by Clarence Robinson, Principal, and Julian J. Zachry, Security. It provides that: "The principal and surety on this bond of indemnity shall be liable to any one person in the sum of $10,000 for personal injuries inflicted by the said principal, his agents or representative, in the operation of any of the said automobiles; and shall be liable for property damage in the sum of $5000; and the City Council of Augusta may sue for the use of any person injured by the negligence of the driver of any one of said automobiles, or on account of his failure to observe any law of the city, or ordinances of the city regulating said cabs or traffic upon the streets of the City of Augusta, or on account of any defects in any part of said car or the construction thereof, while in charge of said driver, or for any cause for which the owner of said [automobile]may be liable to the passengers under the law of this city or this State that are not herein specifically enumerated."

The defendant demurred to the petition, generally and specially. The demurrers were overruled, and defendant excepted, assigning error on this judgment. The only grounds of demurrer insisted upon by the defendant, as plaintiff in error before this court, are: that no cause of action is stated against anyone because the petition does not show that Witt was killed on account of the negligence of Robinson, the driver of the taxicab; that there is no authority in the City Council of Augusta to bring suit on the bond in question before there is a liquidation of the damages claimed; and that the bond sued upon was a joint obligation, and therefore Zachry can not be sued without joining the principal.

The allegations of the petition are sufficient to show that the

death of J. T. Witt was caused by the negligence of Clarence Robinson, the driver of the automobile; and the condition precedent described by the terms of the bond, entitling the City Council of Augusta to sue, is the occurrence of injury on account of the negligence of the driver of the automobile, or injury on account of other specified reasons. Here a liability in tort on the part of the driver to the widow is shown. See Code, § 105-1301 et seq. This is such a condition precedent, that is, a personal injury inflicted by reason of the negligence of the principal in the bond in the operation of the automobile which he was licensed to operate, such as is described by the terms of the bond, and which must occur in order for the City Council of Augusta to bring suit on the bond. This bond is a direct obligation on the part of the principal and security therein to any person for personal injuries inflicted by said principal, his agents, or representatives, in the negligent operation of the described automobile. The present action is ex contractu, brought by the city council as a party to the contract, for the use of the widow of a person injured on account of the negligence of the principal in the bond. Such action can be maintained directly against the surety on the bond without joining the principal in the suit; and a liquidation of damages by a judgment in favor of the widow against the tort-feasor, or in any other manner, is not required in order to maintain such action. *Great American Indemnity Co.* v. *Vickers,* 183 *Ga.* 233 (188 S. E. 24), s. c., 53 *Ga. App.* 101 (185 S. E. 150). This action is analogous to an action brought on a bond or insurance policy executed as required by law (Code, Ann Supp., § 68-612) for the operation of motor common carriers. In order to authorize a recovery in such action, it would be necessary to show that the injury complained of was caused by the negligence of the principal in the bond, his agents, or representatives, in the operation of the described automobile. The principal and surety in a contract of suretyship can be sued either jointly or separately. *Amos* v. *Continental Trust Co.,* 22 *Ga. App.* 348 (95 S. E. 1025); *Stanfield* v. *McConnon & Co.,* 25 *Ga. App.* 226 (102 S. E. 908); *Reid* v. *Flippen,* 47 *Ga.* 273; *Heard* v. *Tappan,* 116 *Ga.* 930 (43 S. E. 375); *Woodward* v. *LaPorte,*

181 *Ga.* 731, 735 (3) (184 S. E. 280), and citations. The trial judge properly overruled the demurrers to the petition.

*Judgment affirmed. Felton and Parker, JJ., concur.*