## 19243. ZEAGLER v. WILLIS.

HAWKINS, Justice. If, as contended by the plaintiff, the deeds by his predecessors in title to the railway company did not convey title, but conveyed only a right-of-way or easement for railroad purposes to the 200-foot strip of land therein described, and such right-of-way has, upon its abandonment by the railway company, reverted to him as successor in title to the railway company's grantors, he has an adequate remedy at law by action in ejectment to recover the land conveyed by the railway company to the defendant Willis; whereas, if the conveyances by the plaintiff's predecessors in title conveyed fee-simple title to the railway company to the land involved, the defendant grantee of the railway company would be entitled to prevail, but the present petition, while praying for process, contains no prayer that the plaintiff recover the property, or that title thereto be decreed in him. The plaintiff's petition, therefore, fails to show or allege that he is without an adequate remedy at law or in equity, and shows that whatever rights the parties may have are accrued already, and no facts or circumstances are alleged to show any necessity for a determination of any dispute to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged right, and which future action without such direction might reasonably jeopardize his interest. Accordingly, the trial judge properly sustained the defendant's general demurrer to the petition, since it sets forth no ground for a declaration of rights under the Declaratory Judgment Act. *Sumner* v. *Davis,* 211 *Ga.* 702 (88 S. E. 2d 392); *Lewis* v. *Lewis,* 212 *Ga.* 168; *Brown* v. *Cobb County,* 212 *Ga.* 172.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*

ARGUED FEBRUARY 13, 1956—DECIDED MARCH 12, 1956.

*L. H. Hilton, Hilton & Hilton,* for plaintiff in error.
*W. C. Hawkins,* contra.