## 21915. DIXIE FIREWORKS COMPANY, INC. v. McARTHUR, Sheriff, et al.

HEAD, Presiding Justice. 1. All legal rights of the parties were fully accrued as to the property seized, and the petition does not allege any facts or circumstances requiring a determination of any dispute to guide and protect the plaintiff from uncertainty and insecurity with respect to some future act or conduct which, without direction, might jeopardize its rights. The petition did not state a cause of action for a declaration of rights under the Declaratory Judgments Act (Ga. L. 1945, pp. 137-139, as amended; Code Ann. § 110-1101 et seq.). Zeagler v. Willis, 212 Ga. 286 (92 SE2d 108); McCallum v. Quarles, 214 Ga. 192 (104 SE2d 105); Rowan v. Herring, 214 Ga. 370, 374 (105 SE2d 29).

2. The 1962 act (Ga. L. 1962, pp. 11-14), restricting the manufacture, sale, and use of fireworks, does not violate the Commerce Clause of the Federal Constitution, nor is it unconstitutional for the reason, as contended, that Congress has pre-empted the regulation of fireworks by Federal legislation. An exception by Congress of fireworks from the provisions of a criminal statute (18 U.S.C.A. § 832) does not preclude legislative enactment by the several States.

3. The acts of the defendant sheriff as related to the seizure of certain fireworks of the plaintiff were authorized by the 1962 act (Ga. L. 1962, pp. 11-14), and no violation of the plaintiff's property rights under the due process clause of the State and Federal Constitutions is shown.

4. Counsel for plaintiff have not cited any authority to support the contention that the act of 1962 (Ga. L. 1962, pp. 11-14) is unconstitutional and void in that the office of

each member of the General Assembly voting therefor was unconstitutional. The cases of Toombs v. Fortson, 205 F.Supp. 248, and Baker v. Carr, 369 U. S. 186 (82 SC 691, 7 LE2d 663) do not so hold. The petition in the present case shows that the membership of the General Assembly in the 1962 session was selected in the manner provided by the Constitution and laws of this State, and having been so selected, legislation enacted at such session will not be voided by this court on the basis of an alleged disparity of representation in the General Assembly. *Gormley v. Taylor*, 44 Ga. 76; *DeLoach v. Newton*, 134 Ga. 739, 757 (68 SE 708).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 15, 1963—DECIDED MARCH 25, 1963.

*Mitchell & Mitchell*, for plaintiff in error.

*Eugene Cook, Attorney General, F. Douglas King, Howard P. Wallace, Assistant Attorneys General*, contra.