22889. STOLAMAN v. STOLAMAN, Administratrix, et al.

MOBLEY, Justice. Mary Stolaman, as administratrix of the estate of Benny Stolaman, brought her petition in the Superior Court of Chattooga County, Ga., against Pearl Stolaman alleging that the defendant is a resident of Alabama and that

the Superior Court of Chattooga County has jurisdiction as this is a suit respecting title to land. Petitioner further alleged that this is a declaratory judgment action under *Code Ch.* 110-11 and prays that the court enter judgment declaring rights of the petitioner to the property and to sell same and apply the proceeds to the payment of the debts of the deceased, Benny Stolaman, and for a declaration that defendant has no rights in the property and if the court should find in favor of petitioner, for an injunction enjoining defendant from interfering with petitioner in recovery and sale of the property. The petition expressly alleges that defendant acquired title to the property under a divorce and alimony decree which made a property settlement between the parties the judgment of the court. Under that judgment the defendant was given a life estate in the property and in case Benny Stolaman should predecease her, fee simple title would vest in her. He did predecease her, but plaintiff alleges that under a provision of the decree, the defendant had forfeited her rights to the property by abandoning it prior to Benny Stolaman's death. The exception is to the judgment of the trial court overruling the general and special demurrers to the petition. *Held:*

1. This is not an action respecting title to land within the meaning of the constitutional provision (*Code* § 2-4902) providing that "cases respecting title to land shall be tried in the county where the land lies . . ." and the Superior Court of Chattooga County was without jurisdiction under that theory, as this court has repeatedly held that "cases respecting titles to land" in *Code* § 2-4902 "means actions at law, such as ejectment or statutory substitutes therefor, in which the plaintiff relies on legal title to recover possession of the land or of the land and mesne profits. It does not include actions in which the plaintiff must seek the aid of equity to perfect his title." *Owenby v. Stancil,* 190 Ga. 50 (1) (8 SE2d 7); *Frazier v. Broyles,* 145 Ga. 642 (89 SE 743); *Bond v. Ray,* 207 Ga. 559 (63 SE2d 399); *Screven County v. Reddy,* 208 Ga. 730 (69 SE2d 186); *White v. Gordon,* 213 Ga. 730 (101 SE2d 759); *Sternbergh v. McClure,* 217 Ga. 278, 281 (122 SE2d 217).

However, the defendant, by filing a general demurrer to the petition without questioning the jurisdiction waived the jurisdiction of her person. "Want of jurisdiction of the person may be waived so far as the rights of the parties are concerned; and where a defendant appears and pleads to the

merits without excepting to the jurisdiction of the court, he thereby waives any objection to the jurisdiction of his person. The filing of a demurrer without questioning the jurisdiction is pleading to the merits, within the rule." *Black v. Milner Hotels, Inc.*, 194 Ga. 828, 831 (22 SE2d 780). See also cases cited and *Code* § 81-503. The defendant having submitted her person to the jurisdiction of the court, the Superior Court of Chattooga County had jurisdiction.

2. The petition does not state a cause for declaratory judgment under the Declaratory Judgments Act, *Code Ann.* § 110-1101 et seq., as all legal rights of the parties were fully accrued as to the property, and the petition does not allege any facts or circumstances requiring a determination of any dispute to guide and protect the plaintiff from uncertainty and insecurity with respect to some future act or conduct which, without question, might jeopardize her rights. *Dixie Fireworks Co., Inc. v. McArthur*, 218 Ga. 735 (130 SE2d 731) and cases cited.

Under the allegations of this petition legal title is shown to have vested in the defendant, as she was given a life estate which upon the death of her husband ripened into a fee simple. title. The only question at issue is whether she had abandoned the property prior to her husband's death, thereby forfeiting her right to the fee simple title upon his death.

The court erred in overruling the general demurrer to the petition.

*Judgment reversed. All the Justices concur.*

Submitted March 8, 1965—Decided April 8, 1965.

*Cook & Palmour*, for plaintiff in error.
*Archibald A. Farrar*, contra.

