43075. ST. PAUL FIRE & MARINE INSURANCE COMPANY v. FLEET TRANSPORT COMPANY, INC. et al.

Argued September 12, 1967—Decided October 6, 1967—
Rehearing denied November 1, 1967.

*Troutman, Sams, Schroder & Lockerman, T. M. Smith, Jr., John D. McLanahan,* for appellant.

*Reynolds & Reynolds, R. J. Reynolds, Jr., Alston, Miller & Gaines, Lloyd T. Whitaker, Greene, Buckley, DeRieux, Moore & Jones, John D. Jones,* for appellees.

DEEN, Judge. ■ It must first be noted that the plaintiff has asked for no declaration of rights in regard to its automobile liability insurance policy No. 266JY1019 which also covered the activities of Fleet Transport Company, which the consumers National Utilities and Warren Petroleum had attached to the petitions in their respective cases, and which is apparently the only policy on file with and certified by the Georgia Public Service Commission. In its own petition, St. Paul attached as exhibits copies originally attached thereto, and failed to mention them in its own petition. We arrive at the contents of both policies by way of a stipulation agreed to by the parties and considered by the trial court on the demurrer ruling which amounts to a profert of the contents of both policies, and although the general rule is that on general demurrer to a petition nothing not contained in the pleading and exhibits attached thereto may be considered, there yet exists an exception where profert is made of lengthy documents on which the cause of action is based, and which are in fact considered as though incorporated in the petition by the parties in the trial court. *Chicago Building & Mfg. Co. v. Talbotton Creamery &c. Co.,* 106 Ga. 84 (1) (31 SE 809) ; *State Hwy. Dept. v. MacDougald Constr. Co.,* 102 Ga. App. 254, 257 (115 SE2d 863). Here a blank copy of the comprehensive policy on which appellant sought its declaration of rights was attached to the original petition; the automobile policy which was an exhibit attached to each of the tort petitions is referred to within the petitions themselves, and the effect of the stipulation of the contents of the policies is but to amend the petition for demurrer purposes as recited therein by adding them thereto in their entirety.

■ The insurer was of course joined as a party defendant in the actions filed by National Utilities and Warren under the provisions of *Code Ann.* § 68-612: "If a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the motor carrier and the insurance carrier in the same action whether arising in tort or contract." Coverage must be proved in these actions; if not, no verdict and judgment could be sustained against the insurer. Such an insurance policy, issued with the approval of the Public Service Commission "is a policy of insurance against liability, any provisions in the policy, or in any rider attached thereto, to the contrary notwithstanding." *Great Amer. Indem. Co. v. Vickers,* 53 Ga. App. 101 (1) (185 SE 150). "[U]nder the statute it was the legislative intent that the insurer is to stand in the shoes of the motor carrier . . . and be liable . . . in any instance of negligence where the motor carrier is liable." *American Cas. Co. v. Southern Stages, Inc.,* 70 Ga. App. 22, 27 (27 SE2d 227). This is conceded by appellant, both by the fact that it took no exception to the orders of court in this case dismissing National Utilities and Warren as parties defendant to the declaratory judgment action, and by the express statement of counsel in their brief: "Appellant emphasizes that it does not deny its obligation under Georgia Code Ann. § 68-612 and the auto policy to pay to National and/or to Warren whatever they might recover in their actions against appellee and appellant for the alleged negligence of appellee. . . . However, appellant does deny that the auto policy or the general policy afford coverage to appellee for its alleged negligence." It is nevertheless to be noted that the petition of the appellant based its contentions of lack of coverage on the general policy (566LV9641) without mentioning the policy filed with the Public Service Commission and on which the plaintiffs' tort actions were brought, and it prayed, as to two particular exclusions in this general liability policy that the court adjudicate whether coverage was provided to Fleet under that policy, and whether it had a duty to defend the tort actions. A rider was attached to the automobile policy 266JY1019 stating: "The certification of the policy, as proof of financial responsibility under the provisions of any state or federal motor carrier law

or regulations promulgated by any public or federal authority having jurisdiction with respect thereto, amends the policy to provide insurance for automobile bodily injury and property damage liability in accordance with the provisions of such law or regulations to the extent of the coverage and limits of liability required thereby; provided only that the insured agrees to the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except by reason of the obligation assumed in making certification." Regardless of the effect of the indemnity provision per se, this rider obviously amends the policy by granting coverage as to all liability which might be sustained by the carrier under the terms of the statute within the limits of coverage amounts, and has the effect of insuring the carrier against such perils. Therefore, the appellant here needs no guidance with respect to any judgments which may be obtained by the plaintiffs in the tort actions. It is liable for them and it so concedes.

3. There remains only the question of the insurance company's obligation to defend the lawsuits against its insureds. Here again policy No. 266JY1019 specifically states: "With respect to such insurance as is afforded by this policy the company shall (a) defend any suit against the insured alleging such . . . destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent." The rider above quoted on this policy states that it *amends the policy to provide insurance in accordance with Code Ann. § 68-612*, which, indeed, is the effect of such insurance whether stated in the policy or not. *Great Amer. Indem. Co. v. Vickers*, 183 Ga. 233 (188 SE 24); Acme Freight Lines v. Blackmon, 131 F2d 62; *Zachry v. City Council of Augusta*, 78 Ga. App. 746 (52 SE2d 339). The policy having been "amended" to provide coverage for insurance against liabilities accruing within the ambit of *Code Ann.* § 68-612, this insurance company must defend the pending suit in any event, and must stand liable for the judgment in any event, regardless of any judicial construction of its insurance policy No. 566LV9641, which is the only policy as to which it seeks direction. Furthermore, any construction given by the court on policy No. 566LV9641 would not be decisive

of the plaintiff's ultimate liability unless considered in conjunction with the policy on which the tort actions are brought, and other questions, such as that posed by the appellee and embodied in its contention that the indemnity agreement is itself against public policy, could not possibly be decided in this case as it has been brought. The legal rights and liabilities of the plaintiff as to the pending actions have fully accrued. The petition therefore alleges no facts or circumstances requiring a determination of any dispute to guide and protect it from uncertainty and insecurity with respect to any future act or conduct which without direction might jeopardize its rights. The petition accordingly fails to set out a cause of action for declaratory judgment. *Dixie Fireworks Co. v. McArthur*, 218 Ga. 735 (130 SE2d 731); *Stolaman v. Stolaman*, 220 Ga. 799 (2) (142 SE2d 70); *Bryant v. Clark Glass &c. Co.*, 109 Ga. App. 606 (136 SE2d 915).

*Judgment affirmed. Jordan, P. J., and Quillian J, concur.*