49008, 49009. PRICE et al. v. GEORGIA INDUSTRIAL REALTY COMPANY et al. (two cases).

EBERHARDT, Presiding Judge.

The subject matter of this case is litigation between the Price family, owners of land, and two corporate defendants who were alleged to have trespassed upon and created a continuing nuisance thereto. Two separate suits were brought and dismissed by W. P. Price, one of the tenants in common. See *Price v. Empire Land Co.,* 218 Ga. 80 (126 SE2d 626). In 1967, W. P. Price then joined with the other owners in suing the same defendants, Empire Land Company and Central of Georgia Railway Company, in Chatham Superior Court, praying for a permanent injunction and damages because of permanent injury in that the fair market value of plaintiffs' land had been reduced. Trial was held and evidence was offered to prove the case; and the court charged as to permanent injunction and permanent damage, but allowed the jury to make alternative findings as to damages, depending upon whether the damages found were temporary or permanent. No injunction was granted, but the jury returned a *general verdict* for $30,000 damages.

Plaintiffs in 1972 filed two additional separate suits against Georgia Industrial Realty Company and Southern Railway Company, the successors in interest of Empire Land Company and Central of Georgia Railway Company, respectively, in Fulton Superior Court. One suit sought declaratory relief as to whether or not defendants had obtained an easement or right of drainage through plaintiffs' property; and the other suit sought in Count 1, damages for an abatable nuisance accrued during the four previous years; and Count 2 sought damages for the increased flow of water discharged on their property by reason of warehouse construction by others on the adjoining property during

the last two years.

Defendants filed joint motions for summary judgment, contending the verdict and judgment in the Chatham Superior Court against Empire Land Company and Central of Georgia Railway Company was res judicata.

Plaintiffs also moved for summary judgment as to certain defenses. Both motions were heard at the same time. The court granted the motion of defendant and denied the motion of plaintiffs. Plaintiffs appeal. *Held:*

1. A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue. Code § 110-501.

2. A former recovery for the same cause of action, between the same parties (or their privies), in the same or any other court that has jurisdiction, shall be a good cause of abatement. Code § 3-607.

3. In order for a prior judgment to be a bar to a present action it is necessary that there be: (1) An identity of parties or their privies; (2) An identity of subject matter and cause of action; and (3) An adjudication by a court of competent jurisdiction. *Slaughter v. Slaughter,* 190 Ga. 229 (9 SE2d 70); *Cincinnati &c. R. Co. v. Hilley,* 118 Ga. App. 293 (163 SE2d 438).

4. The parties or privies here are the same as those in the Chatham County suit, which resulted in a verdict for general damages in favor of plaintiffs. The subject matter, that is, the land and damage thereto, is the same.

Count 2 of the present suit seeks damages for increased flow of water discharged on their property by reason of warehouse construction occurring on the adjacent land in the last two years. This was a part of the irreparable *permanent* damage resulting from the water flow for which judgment was previously rendered.

The verdict rendered in the prior case was a general verdict for the plaintiff and must be construed to have covered every issue made in the pleadings or by the evidence. Where a petition alleges both general damages and special damages, a general verdict is held to cover both. *The Central Railroad v. Freeman,* 75 Ga. 331, 339; Code § 110-101. A general verdict is to be construed in the

light of the pleadings, the issues made by the evidence, and the charge of the court; all presumptions are in its favor. *McCollum v. Thomason,* 32 Ga. App. 160 (2) (122 SE 800); *Swain v. Georgia Power & Light Co.,* 46 Ga. App. 794 (1) (169 SE 249).

In the prior Savannah case the plaintiffs sought recovery for the "great injury and *irreparable* damage" done to their land, and alleged as a measure the difference in the market value of the land before and after the damage. While injunctive relief was also sought, that was denied and on appeal the Supreme Court affirmed. *Price v. Empire Land Co.,* 218 Ga. 80, supra. (Emphasis supplied.)

On trial of the case before a jury no permanent injunction was awarded, and this has to be construed as meaning that the jury found the damage to be permanent and unabatable, thus not subject to injunction.

The evidence introduced by the plaintiff in the prior Savannah case was consistent with showing a permanent damage, or an unabatable nuisance created, and the charge of the court included guidelines and the measure of damage for a recovery based on that theory.

It is inescapable that the plaintiffs sued for and recovered damages for permanent injury to their property for an unabatable nuisance. *For this kind of damage there can be but one recovery.* "A nuisance, permanent and continuing in its character, the destruction or damage being at once complete upon completion of the act by which the nuisance is created, gives but one right of action, which accrues immediately upon the creation of the nuisance . . . Where the original nuisance to land is of a permanent character, so that the damages inflicted thereby are permanent, a recovery not only may, but must, be had for the entire damages, in one action; and such damages accrue from the time the nuisance is created, and from that time the statute of limitations begins to run." *City Council of Augusta v. Lombard,* 101 Ga. 724, 727 (28 SE 994); *Clark v. Lanier,* 104 Ga. 184 (30 SE 741).

The appropriate measure of damages for a permanent injury to the property, as was pleaded and proved in the Savannah case, is the diminution in market

value of the property occasioned from the wrongful acts of defendants. *Hodges v. Pine Product Co.,* 135 Ga. 134 (3) (68 SE 1107). If the injury were only temporary, or abatable, the measure would be the diminution in rental value. But given proper construction the verdict rendered in the Savannah case covered plaintiffs' claim for permanent damage and injury to their property and bars any further claim or recovery based upon the creation or maintenance of the nuisance now alleged in changing the topography of the land and the flow of the water.

Plaintiffs allege in Count 2 of their complaint that there has been increased water flow on their property by reason of the construction of warehouses by third parties (who have acquired parcels of land from the defendants) but plaintiffs are not entitled to recover damages from these defendants for the wrongful actions, if such there were, by third parties.

5. There are no grounds for declaratory relief. All rights have accrued, and there is no need for a court to issue a decree to guide and protect the plaintiffs from uncertainty and insecurity with respect to some future act or conduct which, without direction, might jeopardize their rights. No valid claim for a declaration of rights is shown under the Declaratory Judgments Act (Ga. L. 1945, pp. 137-139, as amended; Code Ann. § 110-1101 et seq.). *Dixie Fireworks Co. v. McArthur,* 218 Ga. 735 (1) (130 SE2d 731); *Zeagler v. Willis,* 212 Ga. 286 (92 SE2d 108); *Rowan v. Herring,* 214 Ga. 370, 374 (105 SE2d 29). The court did not err in dismissing the defendants as parties to this suit.

*Judgments affirmed. Pannell and Evans, JJ., concur.*

ARGUED FEBRUARY 6, 1974 — DECIDED MAY 7, 1974 — REHEARING DENIED MAY 22, 1974 —

*Poole, Pearce, Cooper & Smith, Walter G. Cooper,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Stuart E. Eizenstat,* for appellees.