59909, 59910, 59911. CAROLINA CASUALTY INSURANCE
COMPANY et al. v. DAVALOS (three cases).

QUILLIAN, Presiding Judge.
These were actions for damages by Clara Davalos (59909), her minor son Harvey (59910), and her minor daughter Hedy (59911) because of injuries incurred when the automobile which Clara was driving and in which the children were riding was struck by a truck operated by defendant James Avery, owned by defendant Russell

Transfer Company, and insured by defendant Carolina Casualty Insurance Company as a motor common carrier in accordance with Code Ann. § 68-612 (Ga. L. 1931, pp. 199, 203; 1937, pp. 730, 731). The three cases were tried together, the jury awarded damages to each plaintiff of less than the policy limits, and defendants appeal. *Held:*

1. It is first contended that the trial court erred by denying appellants' motions to dismiss Harvey's and Hedy's complaints during trial and thereafter denying appellants' motions for judgment notwithstanding the verdicts, because the children did not sustain "serious injuries" and were thus not entitled to maintain actions for noneconomic damages under Code Ann. § 56-3410b (Ga. L. 1974, pp. 113, 121).

Code Ann. § 3410b provides: "In an action against a person insured as provided in section 56-3403b, or self-insurer, to recover damages because of accidental bodily injury arising out of the ownership, operation, maintenance or use of an insured vehicle in this State, an insured person shall be exempt from liability to pay damages for noneconomic loss unless the injury is a serious injury as defined in subsection (j) of section 56-3402(b)."

"(j) 'Serious injury' means an accidental bodily injury which results in death, a fractured bone, permanent disfigurement, dismemberment, permanent loss of a bodily function, permanent partial or total loss of sight or hearing, injury resulting in reasonably incurred medical expenses exceeding $500, or an injury resulting in disability for not less than 10 consecutive days." Code Ann. § 56-3402b (Ga. L. 1974, pp. 113, 114; 1975, pp. 1202, 1203).

"(d) The term 'disability' shall mean any period of time commencing within 24 months from the date on which the motor vehicle accident occurred during which an insured is unable to . . . (2) Engage in his principal activity if such person is not employed on at least a full-time basis." Id.

Appellants rely on *Garrison v. Hutton,* 149 Ga. App. 39 (253 SE2d 406), which held that a 5-week-old infant did not suffer a serious injury resulting in disability as defined in Code Ann. § 3402b on evidence that it lost sleep during the ten days following the accident.

The evidence in the instant case is factually distinguishable. At the time of the accident Harvey was 4 years old. Hedy was 10 years old and a 4th grade student in grammar school. There was evidence that they variously had suffered cuts, lacerations, bruises, or sprains from the accident. The treating physician testified that because of the injuries he did not expect the children would be able to carry out their normal daily activities for 10 days to two weeks after the accident. Their mother testified that because of the injuries Hedy was out of

school for two weeks, and that neither child was able to perform normal activities, such as riding bicycles, through several months after the accident, during which Harvey complained of pain in his foot and Hedy of pain in her legs and neck.

We find that the evidence is sufficent to establish that the two children suffered serious injury resulting in disability as defined in Code Ann. § 56-3402b because they were unable due to their injuries to engage in their principal activities for a period of not less than 10 consecutive days. The trial court did not err in denying the motions to dismiss and for judgment notwithstanding the verdicts.

2. Appellants claim the court erred in permitting the complaints in all three cases to be amended to show the limits of the insurance policy and thereafter admitting the policy and testimony as to the limits of coverage, because the policy limits were not relevant and were prejudicial to appellants. We do not agree. It has been established that insurance coverage must be alleged and proven in cases brought under Code Ann. § 68-612.

"The insurer was of course joined as a party defendant in the actions filed . . . under the provisions of *Code Ann.* 68-612: 'If a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the motor carrier and the insurance carrier in the same action whether arising in tort or contract.' Coverage must be proved in these actions; if not, no verdict and judgment could be sustained against the insurer." *St. Paul Fire & Marine Ins. Co. v. Fleet Transport Co.,* 116 Ga App. 606, 609 (158 SE2d 476).

"While the idea which prevails that if the existence of insurance in his behalf is before the jury the defendant and the insurance carrier are likely to be placed in an unfavorable situation may be accepted, in a case such as the present [under Code Ann. § 68-612], it is a consequence of the law and the business conducted by the insured." Hogan v. Williams, 193 F2d 220, 225 (5th Cir. 1951).

"An insurance policy filed under § 68-612 creates a direct and primary obligation to any person who sustains actionable loss or injury through the negligence of the insured in the operation of the insured vehicle. [Cit.] The cause of action against the insurer is in contract, not tort. Id. A plaintiff proceeding against an insurance carrier pursuant to § 68-612 must, as part of his direct cause of action against the insurer, allege and prove the existence of . . . the policy of insurance. 'Coverage must be proved in these actions [under § 68-612]; if not, no verdict and judgment could be sustained against the insurer.' *St. Paul Fire & Marine Ins. Co. v. Fleet Transport Co.,* 116 Ga. App. 606, 158 SE2d 476, 479 (1967). The obligation to prove the terms of the insurance contract sued on includes an obligation to prove the policy limits. The plaintiff cannot recover from the insurer

any more than the liability fixed by its contract and the statute. *LaHatte v. Walton,* 53 Ga. App. 6, 184 SE 742, 748 (1936) . . . In short, as we have pointed out, a § 68-612 plaintiff suing the insurer must establish the existence and the terms of the contract sued on, including the limits." Gates v. DeWitt, 528 F2d 405, 410 (5th Cir. 1976), rehearing denied 532 F2d 1052 (5th Cir. 1976).

"[T]he trial judge permitted the introduction in evidence of the entire policy of the insurance issued by the defendant, Continental Insurance Co., insuring the defendant, Wooten Transfer Company, Inc., pursuant to Code § 68-612 as a common carrier. This policy was admissible in evidence. See *Carter v. Ray,* 70 Ga. App. 419 (28 SE2d 361, 369); *Great American Indem. Co. v. Vickers,* 183 Ga. 233 (188 SE 24); *St. Paul Fire & Marine Ins. Co. v. Fleet Transport Co.,* 116 Ga. App. 606 (158 SE2d 476); *LaHatte v. Walton,* 53 Ga. App. 6 (184 SE 742, 748). Whether or not the trial judge should have excluded that portion of the . . . policy showing the policy limits of liability we do not decide as there is no enumeration of error thereon; the only enumeration here is that the refusal to permit the appellant's counsel to discuss the appellant's liability policy was error because of the admission of the . . . policy. See in this connection Gates v. DeWitt, Inc. 532 F2d 1052. Further, even if there be error in the ruling of the trial judge, the finding of the jury was less than the limits of the appellant's liability policy and the error, if any, was harmless error." *Mercer v. Braswell,* 140 Ga. App. 624 (9), 631 (231 SE2d 431).

3. While a plea of guilty to a traffic violation is generally admissible as an admission against interest in a civil action (*Locklear v. Morgan,* 129 Ga. App. 763 (3) (201 SE2d 163)), evidence of pleas other than guilty generally are not admissible. *Smith v. Goodwin,* 103 Ga. App. 248 (3) (119 SE2d 35).

Appellants claim error because plaintiff's counsel asked the defendant truck driver, Avery, how he pled to a traffic violation case made against him by the state patrol. Whether or not the question was error, it was not harmful, as it was never answered.

"In their last enumeration of error, appellants argue that the trial court erred in failing to charge the jury to disregard an improper question asked by defendant's counsel and to which the court had sustained an objection. The facts show that a question was asked in the presence of the jury. No answer was given before the objection was made nor was the question ever answered. At the insistence of the defense that the question was proper, the jury was excused and arguments held outside the presence of the jury. After the trial court sustained the objection, other extensive matters were pursued before the jury returned. When the jury returned, it was immediately excused for the night. The next morning, examination continued but

the motion to caution the jury to disregard the question was not renewed.

"We find no harmful error in the procedure followed by the court. The court agreed with appellants that the question was improper. Had counsel for appellants believed that the question standing alone (without an answer) was inherently prejudicial, he should have renewed his request in the presence of the jury. Perhaps the reason the request was not renewed was because it is the law generally in this state that no harmful error occurs where no answer is given to an improper question. *Moseley v. Moseley,* 214 Ga. 137, 144 (103 SE2d 540); *Sapp v. Callaway,* 208 Ga. 805 (69 SE2d 734); *Brannan v. State,* 43 Ga. App. 231, 234 (158 SE 355)." *Pope v. Firestone Tire & Rubber Co.,* 150 Ga. App. 396, 400 (258 SE2d 14).

The question also was not harmful because other testimony received without objection was substantial on the issue of Avery's responsibility for the collision. Avery testified that he was driving a 48 to 50 foot long tractor trailer truck at about 50 miles per hour following the Davalos car down a highway at a distance of 2 or 3 truck lengths. Clara Davalos testified that she was aware of the truck behind her and, intending to turn left into a driveway, turned on her left turn signal at least 900 feet from the driveway. Avery testified that he never saw the turn signal and testified that he was "real close," "about one truck length," when he noticed the Davalos car was going to stop. When he saw the car's brake lights it was less than 200 feet from the driveway and he started to apply his brakes. As the car slowed down to make the left turn, Avery's truck struck it in the rear, causing the car to spin around and be struck again in the front. The state trooper who investigated the accident testified that he talked with Avery at the scene and that Avery told him he did not see the car's turn signal until the last minute. It was the trooper's opinion that Avery was not aware enough of his driving to avoid the collision, that Clara Davalos was not at fault, and that an unidentified vehicle which Avery claimed was passing him in the same direction and which Clara Davalos said she did not see, would not have made any difference in who was at fault.

"Although the question asked by appellee's counsel was a patent attempt to introduce inadmissible evidence, the question was never answered, and we do not believe that in the context of all the evidence presented during this four-day trial it so prejudiced the proceedings as to require a mistrial as a matter of law." *Firestone Tire & Rubber Co. v. King,* 145 Ga. App. 840 (2), 843 (244 SE2d 905).

4. Contrary to defendants' contention, we do not find the verdicts excessive, in that there is sufficient evidence to authorize them. " '(T)his court does not pass upon the credibility of witnesses,

nor the weight to be given evidence on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against its weight is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it.' *Adler v. Adler,* 207 Ga. 394, 405 (61 SE2d 824) (1950); *Titshaw v. Carnes,* 226 Ga. 430 (175 SE2d 541) (1970)." *Williams v. Kennedy,* 240 Ga. 163, 165 (240 SE2d 51).

5. The final enumeration in each case is that the trial court erred in overruling appellants' motions for new trial based on the same grounds discussed in Divisions 2, 3, and 4 of this opinion. Our findings in those divisions establish that the trial court did not so err.

*Judgment affirmed. Shulman, J., concurs. Carley, J., concurs in Divisions 1, 2, 4 and 5, and in the judgment.*

ARGUED MAY 13, 1980 — DECIDED JUNE 2, 1980 —

*Peter J. Rice, Jr., James L. Cline, Jr.,* for appellee (Case No. 59909).

*David G. Kopp,* for appellee (Case Nos. 59910, 59911).

