## 62907. LAKE GEORGE-LIMERICK PROPERTY OWNERS ASSOCIATION v. TAYLOR.

QUILLIAN, Chief Judge.

Appellee Taylor is a resident lot owner in a subdivision located on a peninsula in a coastal marsh. The only land access to the subdivision and appellee's lot is by means of a private road. Prior to 1976 there were gates across the original road into the subdivision which could be locked. Residents were supplied keys for the locks and the gates were often locked at night. By 1976 a new entrance and gates were constructed by appellant association. Initially the old locks were used on the gates but in May 1976 new locks were installed and keys made available to residents. Shortly after the new locks were installed, appellee cut the locks off and commenced this action against appellant alleging that the association was limiting free access to his property and requesting injunctive relief as well as damages. A temporary injunction was issued in May 1976 prohibiting the association from locking the gates. The injunction was continued until September 26, 1977 when it was made permanent by consent of the parties. On September 2, 1977 the trial court granted appellant summary judgment as to all damages except those to appellee's property. A jury trial was held on September 26 and 27, 1977, resulting in a verdict and judgment for appellee for $3,000, from which this appeal is taken. *Held:*

We reverse. The trial court erred in not directing a verdict for appellant.

The only evidence of damage to appellee's property was the opinion of Barnes, a real estate broker, that appellee's house and lot were worth $58,100 before the gates were locked in May 1976 and were worth $3,000 less after the gates were locked because of the limitation of access to the property. The jury's verdict was obviously based on this evidence.

However, at the time the verdict and judgment were rendered, the record shows that the gates had not been locked since May of 1976

by virtue of the temporary and permanent injunctions. Therefore, the opinion of Barnes that there was a $3,000 diminution in value does not have any evidentiary predicate because the injury to appellee's property was temporary, for but a few days in May 1976. "[W]hen the injuries to the real estate are found to be temporary . . . the diminished value of the property will not be used as the measure of recovery." 22 AmJur2d 196, Damages, § 135. Accord, *Price v. Georgia Industrial Realty Co.,* 132 Ga. App. 107 (4) (207 SE2d 556).

Moreover, Barnes admitted that if the access to the property was the same after the new locks were put on as before, the value of the property would not have been diminished. "[I]f the property will sell for as much as before . . . there is no loss in value for which recovery can be had . . ." 22 AmJur2d 195, Damages, § 134.

There being no other evidence of damage presented, the trial court erred in failing to direct a verdict for appellant. Code Ann. § 81A-150 (a) (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248).

In view of our finding the remaining enumerations need not be addressed.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 10, 1981.

*John E. Pirkle,* for appellant.
*A. G. Wells, Jr.,* for appellee.