A92A0007. HOMICK v. AMERICAN CASUALTY COMPANY.
(415 SE2d 669)

McMURRAY, Presiding Judge.

On February 4, 1986, plaintiff Homick was injured in Glynn County, Georgia, while driving a truck owned and operated by Independent Freightway, Inc., of Rockford, Illinois. The trucking company had filed a "liability surety bond" issued by defendant American Casualty Company with the Georgia Public Service Commission pursuant to OCGA § 46-7-12 (a). Plaintiff filed this action alleging that defendant is obligated to provide coverage under the bond for the minimum no-fault coverage required under OCGA § 33-34-4. Defendant sought summary judgment contending that it had no liability to plaintiff under the surety bond. Plaintiff appeals following the grant of defendant's motion for summary judgment. *Held*:

OCGA § 33-34-3 (a) (2) provides that: "All insurers authorized to transact or transacting insurance in this state or controlling or controlled by or under common control by or with an insurer authorized to transact or transacting insurance in this state which issue *policies or contracts providing motor vehicle liability insurance coverage or any other similar coverage* in any state or Canadian province shall include in the policies or contracts of insurance a provision which provides at least the minimum coverage required under Code Section 33-34-4 with respect to motorists insured under the policies or contracts who are involved in motor vehicle accidents in this state and, notwithstanding any provisions of the policies or contracts to the contrary, all such policies or contracts of insurance shall be deemed to satisfy the minimum requirements of this chapter if a motorist insured under the policies or contracts of insurance is involved in a motor vehicle accident in this state." (Emphasis supplied.) There is no evidence that defendant is not an insurer subject to these provisions, therefore, for summary judgment purposes, we will assume that de-

fendant is governed by these provisions.

Relying upon the statutory language emphasized above, plaintiff contends that the surety bond is a contract providing coverage similar to that provided by a motor vehicle liability insurance policy. Defendant relies upon language in *Herring v. Rabun Trucking Co.*, 147 Ga. App. 713 (250 SE2d 167) noting that the insurance required under OCGA § 46-7-12 is indemnity insurance, not liability insurance. Nonetheless, this Court has also noted that a policy of indemnity insurance issued in lieu of bond pursuant to OCGA § 46-7-12 " 'is a policy of insurance against liability, any provisions in the policy, or any rider attached thereto, to the contrary notwithstanding.' *Great Amer. Indem. Co. v. Vickers*, 53 Ga. App. 101 (1) (185 SE 150)." *St. Paul Fire &c. Ins. Co. v. Fleet Transport Co.*, 116 Ga. App. 606, 609 (2) (158 SE2d 476). It follows that the bond when, as in the case sub judice, not supplanted by an insurance policy is similar to a motor vehicle liability insurance policy in that it also provides protection to the general public for damage to person or property arising from negligent acts or omissions of the motor carrier for whom it is issued. Under these circumstances, defendant as issuer of the bond is obligated to provide the minimum coverage afforded under OCGA § 33-34-4 notwithstanding any provisions of the contract or bond. OCGA § 33-34-3 (a) (2).

While plaintiff, as operator of the truck, is not among the class protected by OCGA § 46-7-12, this is irrelevant as he is among the class protected under OCGA § 33-34-3. While defendant argues that plaintiff's exclusive remedy is workers' compensation benefits, there is no evidence in the record that plaintiff is entitled to receive any workers' compensation benefits so as to call into question the application of OCGA § 33-34-8 (b) and (c). The superior court's conclusion that OCGA § 33-34-4 is not applicable because the truck driven by plaintiff was not registered or required to be registered in Georgia is incorrect since the truck was a vehicle "of a kind" required to be registered in Georgia. See OCGA § 33-34-2 (6). The superior court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JANUARY 30, 1992 —
RECONSIDERATION DENIED FEBRUARY 13, 1992 —

*W. Douglas Adams*, for appellant.

*Fendig, McLemore, Taylor & Whitworth, Philip R. Taylor, Charles G. Spalding*, for appellee.