## 33152. ATLANTA-ASHEVILLE MOTOR EXPRESS INCORPORATED v. SUPERIOR GARMENT MANUFACTURING COMPANY.

WORRILL, J. 1. Goods were shipped from Winder, Georgia, to Henderson, Kentucky, on a through bill of lading showing the plaintiff, Superior Garment Manufacturing Company, as the consignor and Belk-Henderson Company at Henderson, Kentucky, as the consignee, and also on a through bill of lading from the same consignor to H. Reznich & Sons, Charleston, South Carolina, as the consignee, by a motor common carrier whose lines and routes of operation were wholly within the State of Georgia, but which connected with other carriers to effect the delivery of the goods to the consignees. *Held*: Where the petition alleged such facts and further set out facts seeking a recovery for the loss of such goods under a rule of the Georgia Public Service Commission, but nowhere alleged that the original carrier of the goods was not operating under a certificate of public necessity and convenience issued by the Interstate Commerce Commission, nor alleged that such original carrier operated only under a certificate of the Georgia Public Service Commission and accepted such shipment as the agent of some other carrier operating under an interstate certificate, such petition will be construed most strongly against the pleader and, as alleging that the original carrier was operating under a certificate of the Interstate Commerce Commission.

2. A single shipment, having but one origin and one destination, cannot, at one and the same time, be both an intrastate shipment and an interstate shipment. It is either one or the other, and where from the necessary construction of the petition, as aforesaid, it appears that the original carrier was operating under an interstate certificate, and where the facts alleged concerning the origin and destination of the shipment showed that they originated in Georgia and were destined for out-of-state consignees, as aforesaid, such shipments were interstate in character during the entire course of the carriage. *American Fidelity & Casualty Co.* v. *Thompson*, 74 *Ga. App.* 189 (39 S. E. 2d, 443); U. S. v. Standard Oil Co., 155 Fed. 305.

3. Where such shipments were lost and never delivered to the consignees, any action against the original carrier for recovery thereof arose under the Federal Motor Carrier Act or other applicable Federal law, the Federal government having completely occupied the field of the regulation of interstate commerce, and State statutes, and regulations of the Georgia Public Service Commission giving to the shipper a special remedy or providing for special procedures in effecting such recovery, were not applicable to this action, notwithstanding that the original carrier was operating generally under a certificate of public necessity and convenience issued by the Georgia Public Service Commission. *American Fidelity & Casualty Co.* v. *Thompson*, supra.

4. Accordingly, where it was alleged that the defendant, Atlanta-Asheville Motor Express, is the transferee of a certificate of public necessity and convenience issued by the Georgia Public Service Commission and formerly held by the original carrier of the goods so shipped, and so held by such carrier at the time of the shipment and loss complained

of, and where it is alleged that such goods were lost in transit after being delivered to the original carrier in good condition, and where the plaintiff bases its right to recover from the defendant (whose only relation to the transaction in question is as subsequent transferee of the aforesaid certificate) upon a rule of the Georgia Public Service Commission requiring the transferee of such certificates of public necessity and convenience to.guarantee the payment of all legal obligations incurred by the transferor in the operation of the certificate, there being no applicable Federal rules promulgated by the Interstate Commerce Commission permitting a recovery against such transferee under such circumstances, the application of such rule in this case would amount to the imposition of an unlawful burden on interstate commerce and, for these reasons no cause of action against the defendant was set forth, and the trial court erred in overruling the general demurrer.

*Judgment reversed. Sutton, C.J., concurs. Felton, J., concurs in the judgment.*

DECIDED DECEMBER 1, 1950. REHEARING DENIED DECEMBER 15, 1950.

*R. J. Reynolds Jr.,* for plaintiff in error.

*C. Baxter Jones Jr., Powell, Goldstein, Frazer & Murphy,* contra.