39598. REYNOLDS ALUMINUM SUPPLY COMPANY v. SOUTHEASTERN FREIGHT LINES, INC.

CARLISLE, Presiding Judge. The petition in the instant case, stripped of surplusage, alleges that certain goods were shipped by the manufacturer for the plaintiff over the defendant's motor carrier route consigned to a third party; that the plaintiff was the owner of the goods and the holder by transfer of the bill of lading; that the goods were specially manufactured for the consignee to its specifications and that there was no general market for the goods at the destination at the time of delivery; that the bill of lading carried a notation that "slightest damage makes useless"; that the goods arrived at their destination in a damaged condition and were refused by the consignee; that the defendant carrier returned them to the manufacturer where the damage was repaired, but too late to be used by the consignee, and later delivered the goods to the plaintiff who sold them at a reduced price; that as a consequence of the damage to the goods and delay, consignee, who needed the goods at the time they were originally delivered and refused, had to purchase them elsewhere and plaintiff

lost the profits of the sale. The plaintiff sued the defendant for the difference in the contract price, alleged to be the market value of the goods at the destination on the date of their arrival, and the price received in the sale by plaintiff after their return by the defendant carrier. It does not appear from the petition who paid for the repairs to the goods, but presumably the carrier did. The trial judge sustained the general demurrer on the ground that the petition failed to allege a proper measure of damages and, as amended, failed to meet prior demurrers which had been sustained.

This judgment was error. The trial judge had previously sustained special demurrers with leave to amend on the ground that "the measure of damages is not correctly laid." In the order the trial judge pointed out that the correct measure of damages is as outlined in 13 CJS 610, Carriers, § 264, where it is stated that the measure of damages is the difference between the value of the property at the time and place of delivery in an uninjured condition and its value in the depreciated condition in which it was delivered. While it would have been proper, if the plaintiff had failed or refused to amend his petition to meet the defects therein, as pointed out by the order sustaining the special demurrer, to dismiss the petition (*Georgia R. &c. Co. v. Kelly,* 150 Ga. 698, 700, 105 SE 300; *Headley v. Maxwell Motor Sales Corp.,* 25 Ga. App. 26 (2), 102 SE 374; *Farmers Mut. Fire Ins. Co. v. Pollock,* 52 Ga. App. 603, 606 (1), 184 SE 383), that is not the situation here. In this case the plaintiff did, by his final amendment, meet the objection that the correct measure of damages was not laid, and alleged the correct measure of damages as pointed out by the prior order, and the petition ought not to have been thereafter dismissed on that account.

Since, under the facts alleged in the petition, the plaintiff was entitled to a recovery of some amount on account of the damages sustained as a result of the injury to its goods, the petition was not otherwise subject to general demurrer and the dismissal was error.

*Judgment reversed. Eberhardt and Russell, JJ., concur.*

DECIDED SEPTEMBER 27, 1962.

*Robert H. Walling,* for plaintiff in error.
*Reynolds, Holt & Reynolds, Elmo Holt,* contra.