75139. COMMERCIAL UNION INSURANCE COMPANY
v. BRADLEY COMPANY.
(367 SE2d 820)

CARLEY, Judge.

Although it is now defunct, Regal Trucking Company, Inc. (Regal) previously operated as a motor common carrier. Regal was afforded insurance coverage under a policy which had been issued by appellant-defendant Commercial Union Insurance Company. Under the terms of that policy, liability coverage with limits of $250,000 was provided to Regal in connection with the loss of or damage to any cargo "while loaded for shipment in or on vehicles and in transit anywhere within the limits of the Continental United States or Canada. . . ."

In addition to providing *liability* coverage to Regal, the policy also contained an "Endorsement for Motor Common Carrier Policies of Insurance for Cargo Liability Under Section 215, Interstate Commerce Act" (ICC Endorsement). Pursuant to the terms of this ICC Endorsement, appellant agreed that, without regard to any condition, provision, stipulation or limitation otherwise contained in the policy, it would pay up to $5,000 to "any shipper or consignee for all loss of or damage to all property belonging to such shipper or consignee, and coming into the possession of [Regal] in connection with [Regal's] transportation service [under a certificate of public convenience and necessity issued to Regal by the ICC] for which loss or damage [Regal] may be held legally liable. . . ." (Emphasis supplied.) Thus, by this ICC Endorsement, appellant agreed that it would provide up to

$5,000 in coverage for lost or damaged cargo directly *to those shippers who had employed Regal to transport their goods*, which direct coverage to Regal's shippers was to be supplemental to the liability coverage which appellant had otherwise agreed to afford to Regal. "The ICC endorsement constitutes a supplemental insurance agreement at law, by which [appellant as] the insurer is obligated to pay the shippers of goods . . . for any loss of or damage to property that results from the transportation of the shipped goods by [Regal as] the insured cargo carrier, up to a specified maximum amount." *Ford Motor Co. v. Transport Indem. Co.*, 41 BR 433, 436 (E.D. Mich. 1984).

In the course of its business, Regal undertook the transportation of shipments of cargo for appellee-plaintiff W. C. Bradley Company. The major portion of one such shipment, which originated in Georgia, was stolen in Alabama, while en route to various points in other states. Appellee, having unsuccessfully sought reimbursement from Regal for the loss of the stolen merchandise, eventually brought suit to recover for that loss. Appellee filed its suit to recover for its lost merchandise against Maranda Motor Freight Company, Inc. (Maranda), based upon Maranda's alleged capacity as Regal's successor in interest. Appellee obtained a default judgment against Maranda but the bankrupt Maranda was unable to satisfy that judgment. Appellee then filed this direct action against appellant, based upon appellant's capacity as Regal's insurer. Appellant filed a timely answer, wherein it asserted various defenses to being subjected, in its capacity as Regal's insurer, to appellee's direct action. After a brief period of discovery, appellant filed a motion for partial summary judgment. In its motion, appellant sought, in effect a ruling that appellee had no right to bring a direct action against it as to the liability coverage of the Regal policy but could, as a matter of law, bring a direct action on the policy only as to the $5,000 in supplemental coverage that was afforded under the ICC Endorsement. The trial court denied appellant's motion, but certified its order for immediate review.

This court granted appellant's application for an interlocutory appeal so that we might address the issue of appellee's entitlement, in its capacity as the shipper of goods lost while in Regal's possession, to bring this direct action against appellant, in its capacity as Regal's insurer. As noted previously, there are two coverages under the Regal policy involved in the present case, to wit: coverage to Regal under the liability provisions of the policy; and, coverage to appellee under the provisions of the ICC Endorsement. Although there are exceptions, the general rule is that a party who alleges he has been damaged is not entitled to bring a direct action against the liability insurer of the party who allegedly caused the damage. See generally *Seaboard Coast Line R. Co. v. Freight Delivery Svc.*, 133 Ga. App. 92,

95 (3) (210 SE2d 42) (1974). However, because the ICC Endorsement in the Regal policy provides supplemental coverage from appellant *directly to a shipper* of goods who had employed Regal, coverage under the ICC Endorsement would not fall within the general rule as to liability coverage. Accordingly, it is undisputed that appellee would be entitled to predicate this direct action against appellant upon the $5,000 in supplemental coverage afforded under that ICC Endorsement. The question to be resolved is whether appellee can predicate this direct action against appellant *only* upon the ICC Endorsement. Appellant urges that its motion for summary judgment eliminated any possible exception upon which appellee could predicate its entitlement to pursue this direct action against appellant based upon the liability coverage of the Regal policy. Thus, according to appellant, it has shown that appellant's recovery in the present direct action can only be based upon the coverage which is afforded under the ICC Endorsement. Accordingly, we must decide whether the evidence, when construed as it must be on summary judgment, would show that appellee has no entitlement to seek a direct recovery from appellant based upon the *liability* coverage of the Regal policy.

1. Although OCGA § 46-7-12 authorizes a shipper, such as appellee, to bring a direct action against the insurer who provides liability coverage to a motor common carrier, that statute does not apply to a cause of action which arises out of interstate commerce. See generally *Atlanta-Ashville Motor Express v. Superior Garment Mfg. Co.*, 82 Ga. App. 812 (3) (62 SE2d 376) (1950); *American Fid. & Cas. Co. v. Thompson*, 74 Ga. App. 189 (39 SE2d 443) (1946). The undisputed evidence in this case shows that the loss of appellee's merchandise occurred in interstate commerce. Thus, OCGA § 46-7-12 cannot serve as the basis for a direct action against appellant by appellee based upon the liability coverage of the Regal policy. *Seawheels, Inc. v. Bankers &c. Ins. Co.*, 175 Ga. App. 528 (333 SE2d 650) (1985) is inapposite because it did not involve a suit which was brought on a cause of action arising out of interstate commerce, but a suit which was brought on a cause of action arising out of a vehicular collision which occurred within this State.

2. As a *judgment creditor of Regal*, appellee would, however, be authorized to bring a direct action against appellant in appellant's capacity as Regal's liability insurer. See generally *Smith v. Government &c. Ins. Co.*, 179 Ga. App. 654 (1) (347 SE2d 245) (1986). With regard to this theory of direct recovery, appellant does not contend that appellee, as the holder of a judgment against Maranda, is not a judgment creditor of Regal. Instead, appellant merely asserts that, if appellee is judgment creditor, appellee must stand in the shoes of Regal and that the failure of Regal to comply with its obligations under the policy precludes appellee from bringing this direct action as to the

liability coverage. "One who obtains a judgment against the insured and then seeks to enforce it against the insurer occupies a like status [to the insured]; he derives his rights under the policy through the insured, . . . and he is entitled to recover under the policy only if it appears that all conditions precedent have been complied with." *Wolverine Ins. Co. v. Sorrough*, 122 Ga. App. 556, 557-558 (1b) (177 SE2d 819) (1970).

The evidence of record does not show whether or not *Regal* had satisfied all the conditions precedent to appellant's contractual obligation to pay the default judgment that appellee has secured for the stolen cargo. However, the burden was clearly upon appellant, as the movant for summary judgment, to show that *Regal*, as its insured, had *not* satisfied the contractual conditions precedent to indemnification under the liability coverage of the policy. Because appellant did not meet this evidentiary burden as the movant for summary judgment, the burden never shifted to appellee, as the respondent, to produce any evidence showing that the conditions precedent to indemnification had been satisfied by *Regal*. It follows that a genuine issue of material fact remains as to *Regal's* compliance with any applicable provision of the policy.

Appellant also asserts that *appellee* did not satisfy the conditions precedent to a recovery in the policy because this suit was not filed against it within the twelve-month period of limitation provided in the policy. There is considerable doubt whether this provision would apply to third-party claims based upon the liability coverage of a policy and is not limited in applicability merely to first-party claims on the casualty coverage of the policy. However, even assuming that the twelve-month contractual period of limitation would otherwise be applicable to appellee's third-party claim on the liability coverage of the Regal policy, it is clear that that provision has been satisfied in this case. Appellant filed this suit *within* twelve months of securing its default judgment against Maranda. Thus, appellee clearly filed this suit within twelve months of the date that it first had a claim against appellant on the Regal policy, that being the day that it became a judgment creditor of appellant's purported insured.

Accordingly, appellant has not shown that appellee's direct recovery will necessarily be limited to the $5,000 in supplemental coverage under the ICC Endorsement, and the trial court correctly denied appellant's motion for partial summary judgment.

3. Appellee subpoenaed certain of appellant's documents for production at trial. Appellant moved to quash the subpoena. The trial court's denial of appellant's motion to quash is enumerated as error. However, our review of the record on appeal shows no basis for holding that the trial court erred in denying appellant's motion.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

614

Decided March 8, 1988 —
Rehearing denied March 31, 1988.

*John P. Reale*, for appellant.
*G. Terrell Davis, Brian P. Turcott*, for appellee.