A91A0659. AMERICAN MOTORISTS INSURANCE COMPANY v. KING SHRIMP COMPANY.
(406 SE2d 273)

BIRDSONG, Presiding Judge.

In this subrogation case, King Shrimp Company filed suit against L. H. Day, Day Trucking Company and Day Trucking Company's insurer, American Motorists Insurance Company (American Motorists) to recover for loss of a cargo of seafood which was being transported in May 1985, by Day Trucking. Ultimately, King Shrimp's insurer, National Agra Underwriters Insurance Company, paid King Shrimp's loss. The complaint alleges that "plaintiff has duly presented its claim to the defendant [American Motorists] and . . . the said defendant has failed or refused to honor the plaintiff's claim. . . ." American Motorists answered and by counterclaim sought a declaration of nonliability based on terms and conditions in the policy. L. H. Day and Day Trucking Company went into default.

The case was heard by the judge sitting alone. In open court, King Shrimp added as a plaintiff its cargo insurer, National Agra. Also in open court, defendant American Motorists dismissed without prejudice its counterclaim which sought a declaration of nonliability based on terms and conditions in the policy, but announced itself ready to respond to the issue of damages. Plaintiffs protested, saying they were in court to determine liability and would offer proof on the point, and that if American Motorists removed the issue of liability by dismissing its counterclaim, it could not later raise it. The trial proceeded. Plaintiffs offered, as to damages, the invoices of King Shrimp's costs of the goods and an accounting for salvage value. The trial court gave judgment against all defendants for $53,602.69 actual damages, $14,822.84 interest and $22,808.51 attorney fees. *Held*:

1. American Motorists contends the only issue which was decided or could be decided was the amount of damages, and that its dismissal of its counterclaim for a declaration of nonliability based on terms and conditions of the policy removed the question of liability from this trial. Appellant contends further that plaintiffs apparently sought to file a direct action against it by authority of OCGA § 46-7-12 (e), but failed to allege and prove that the Public Service Commission had approved the insurance policy, citing *McClendon Trucking Co. v. Williams*, 183 Ga. App. 508 (359 SE2d 351).

Plaintiffs were required to "allege and prove" that appellant's policy was approved by the PSC (see *Carolina Cas. Ins. Co. v. Davalos*, 154 Ga. App. 776, 778 (269 SE2d 897)), but plaintiffs could have amended their complaint or even alleged and proven the facts at trial. See OCGA § 9-11-15 (a), (b). Appellant has not contended that plaintiffs' failure to allege the approval of the PSC of appellant's policy is a nonamendable defect which entitles it to a dismissal.

If the carrier's insurance policy is approved by the PSC in accordance with OCGA § 46-7-12, the policy is in the nature of a substitute surety bond (id., (d) and (e); *McClendon*, supra) and the insurer is absolutely liable for any loss occasioned by its insured, " ' "any provisions in the policy, or in any rider attached thereto, to the contrary notwithstanding." ' " Id. at 509; *St. Paul Fire &c. Ins. Co. v. Fleet Transp. Co.*, 116 Ga. App. 606, 609 (158 SE2d 476). The suit against the insurer is on a contract of which plaintiff is a third-party beneficiary under the law (*McClendon*, supra at 509); the policy creates a direct and primary "absolute" liability of the insurer (*Carolina Cas. Ins. Co.*, supra at 778) regardless whether its insured breached the conditions of the policy. *Seawheels, Inc. v. Bankers &c. Ins. Co.*, 175 Ga. App. 528 (333 SE2d 650).

Thus, appellant would not have been entitled to a declaration of nonliability based on terms and conditions in the policy. By filing a direct action against the insurer, plaintiffs raised directly the question

of "liability." Although plaintiffs were required to allege and prove that a policy of indemnity insurance was given by appellant in lieu of bond (OCGA § 46-7-12 (c) and (e)), which policy had been approved by the PSC, appellant made no defense to the complaint on this point, but instead purported to raise the question of its liability by way of counterclaim. By pretending to remove the issue of liability by dismissing its counterclaim, appellant prevented plaintiffs from making their proof of liability as they offered to do. If appellant deemed it had a valid defense to liability based on a defect in the plaintiffs' allegations with reference to § 46-7-12, its filing of a redundant "counterclaim" for a declaration of nonliability was merely an obfuscatory technique, particularly since it asserted nonliability based on terms and conditions in the policy instead of on grounds that plaintiffs had not alleged and proved the policy was approved by the PSC. Assuming appellant thought plaintiffs' failure to allege and prove that fact is an absolute defense, as appellant asserts on appeal, appellant should have made a defense on that basis instead of leading the court and plaintiffs to proceed on the assumption the plaintiffs could not offer the proper allegation and proof of liability at trial because appellant had dismissed its "counterclaim."

Having confused the proceedings by this technique of a "dismissal" of the issue of liability, appellant denied plaintiffs the opportunity to prove their case. We cannot affirm the judgment as to liability because of absence of proof that appellants' policy was registered with the PSC, but we decline to reverse it because this lack of proof is the result of appellant's failure to make a proper defense in its pleadings and of its dismissal of its specious and redundant "counterclaim" seeking a declaration of nonliability based on terms and conditions in the policy. The case is remanded to the trial court to assume its posture at the time of trial, for the plaintiffs to amend their pleadings and prove their case according to OCGA § 46-7-12 and the rules of civil procedure.

2. Appellant complains that the proof of damages was wholly insufficient to support an award, inasmuch as plaintiffs did not prove "market value" of the goods damaged. These arguments are without merit. Plaintiffs' evidence of damage was based directly on invoices showing King Shrimp's costs on the items damaged ($76,775.76), minus the salvage value, which was $23,173.07. In *Reynolds Aluminum &c. Co. v. Southeastern Freight Lines*, 106 Ga. App. 656, 657 (127 SE2d 877), we said the correct measure of damages for loss of goods by carriers is "the difference between the value of the property at the time and place of delivery in an uninjured condition and its value in the depreciated condition in which it was delivered." This is a general rule and is consistent with the general rule as to damage to property, including real property. "The only exception [to this rule] is when

there is a more definite, equitable and accurate way by which the damage may be determined." *Mercer v. J & M Transp. Co.*, 103 Ga. App. 141, 143 (118 SE2d 716). King Shrimp's cost of the goods is a definite and accurate measure of King Shrimp's loss; it does not include a profit to King Shrimp, as would "the market value at the time and place of delivery," so appellant can hardly complain that it is not equitable. If we vacate this judgment as to damages, plaintiffs would be within their rights in a remand of the case to present the "market value at the time and place of delivery" as being what King Shrimp would have sold it to the deliveree for, which would no doubt include a profit; the damages would be greater. The valuation given is not patently unreasonable or illegal; there is no evidence in the case to show the valuation of the plaintiffs was unreasonable, so it cannot be said the judgment was without evidence. See *Southeast Consultants v. O'Pry*, 199 Ga. App. 125 (404 SE2d 299) (1991); *Deavers v. Standridge*, 144 Ga. App. 673, 676 (242 SE2d 331).

3. We find no error in the award of attorney fees to plaintiffs. Plaintiffs' attorney testified the fee to his client (the insurer) was a standard one-third contingency fee. Obviously this fee would be paid by the client. It is immaterial to the entitlement to attorney fees that the client was an insurer in subrogation.

*Judgment as to damages affirmed; judgment as to liability vacated and remanded for proceedings consistent herewith. Pope and Cooper, JJ., concur.*

DECIDED JUNE 3, 1991.

*Kennedy, Lewis, Smart & Brannon, Charles W. Brannon, Jr.*, for appellant.

*Hudson, Galloway & Vaughan, J. Scott Vaughan*, for appellee.