A92A0564. PROGRESSIVE CASUALTY INSURANCE COMPANY
v. BRYANT.
(421 SE2d 329)

POPE, Judge.
Plaintiff James R. Bryant was involved in a motor vehicle collision with a tractor trailer truck owned by a motor common carrier which was insured by defendant Progressive Casualty Insurance Company. Shortly after the collision defendant negotiated and paid plaintiff's claim for property damage. Over one year after the collision, plaintiff filed an action against the driver of the truck praying for damages for personal injury. A default judgment was entered against the driver in the amount of $20,000. Although the driver attested that he notified his former employer, the named insured, of the suit, it is uncontested that defendant insurer was not notified of the suit until after plaintiff obtained the default judgment and wrote defendant asking it to pay the judgment.

Plaintiff filed an action to collect the judgment from defendant insurance company and defendant moved for summary judgment, arguing that pursuant to OCGA § 33-7-15 (b) it is not liable for the judgment because it was not notified of the action by either the insured or any third party. The trial court denied defendant's motion for summary judgment and granted summary judgment to plaintiff. Defendant appeals.

The issue presented in this appeal is whether OCGA § 33-7-15 (b), relieving an insurer from liability for a judgment against its insured if the insurer was not timely notified of the lawsuit against the insured, applies to an insurer of a motor common carrier. We conclude it does not. OCGA § 33-7-15 applies to "vehicle liability insurance polic[ies]." A policy of insurance issued to a motor common carrier in lieu of the security bond required for a certificate of public convenience and necessity, however, must be a "policy of indemnity insurance" as set forth by OCGA § 46-7-12 (d). It has long been held

that the purpose of such insurance, like the purpose of the bond which is otherwise required, is not for the benefit of the insured but for the sole benefit of those who may have a cause of action for damages for the negligence of the motor common carrier. See, e.g., *Great Amer. Indem. Co. v. Vickers*, 183 Ga. 233 (188 SE 24) (1936). Such a policy is in the nature of a substitute surety bond and creates liability in the insurer regardless of the insured's breach of the conditions of the policy. *American Motorists Ins. Co. v. King Shrimp Co.*, 199 Ga. App. 847 (1) (406 SE2d 273) (1991). It is not a motor vehicle liability insurance policy of the type which is subject to provisions of OCGA § 33-7-15.

The purpose of motor carrier indemnity insurance is analogous to the purpose of automobile liability insurance under the assigned risk plan. In *Young v. Allstate Ins. Co.*, 248 Ga. 350 (282 SE2d 115) (1981), the Georgia Supreme Court ruled that the failure of the insured to give notice of suit to the insurer under a policy issued pursuant to the assigned risk plan did not constitute a defense to the insurer's liability because "the failure of the insured to comply with the policy provisions should not defeat the rights of those for whose benefit the law requiring the policy was enacted." Id. at 350. The *Young* case involved a default judgment which was entered before the effective date of OCGA § 33-7-15 and addressed the failure of the insured to comply with policy provisions as opposed to the statutory notice rule. However, in a subsequent case in which we ruled that failure to give notice pursuant to the statute relieved the insurer of liability for a default judgment against the insured, the facts were distinguished from those in *Young* not only on the ground that the statute applied, but also on the ground that the rationale for holding the insurer liable is different in the case of the typical insurance policy issued for the protection of the insured than for a policy issued under a financial responsibility law enacted for the benefit of the public. *Berryhill v. State Farm &c. Co.*, 174 Ga. App. 97 (329 SE2d 189) (1985). By the same reasoning, an insured under an indemnity policy issued to a common carrier in lieu of a bond should not be permitted to defeat the rights of those for whose benefit the law requiring such a policy was enacted.

This case is governed not by *Berryhill*, but by our holding in *Seawheels, Inc. v. Bankers &c. Ins. Co.*, 175 Ga. App. 528 (333 SE2d 650) (1985), in which we ruled that the insurer of a motor common carrier was not relieved of its obligation to satisfy a judgment against its insured because the insured had failed to notify it of the wrongful death claim filed against the insured and its driver. Defendant argues *Seawheels* is distinguishable because, again, the action in that case was filed before the effective date of OCGA § 33-7-15. However, for the reasons set forth above and in *Young v. Allstate*, supra, we con-

clude the provisions of OCGA § 33-7-15 do not apply to relieve defendant of its liability in this case. Contrary to defendant's argument, this case is not governed by *Southeastern Stages v. Gen. Fire & Cas. Co.*, 151 Ga. App. 487 (260 SE2d 399) (1979), in which the insurer was relieved of liability to *reimburse* the insured motor common carrier for the judgment entered against it in an action brought by the insured. Unlike the case now before us, it did not involve an action brought by the injured plaintiff to collect from the insurer a judgment obtained against the insured.

*Judgment affirmed. Carley, C. J., and Johnson, J., concur.*

DECIDED JULY 1, 1992 —
RECONSIDERATION DENIED JULY 23, 1992 — 

*Jeffrey W. Frazier*, for appellant.

*Westmoreland, Patterson & Moseley, Thomas W. Herman*, for appellee.