A94A2029. INTERNATIONAL INDEMNITY CORPORATION v. SAIA MOTOR FREIGHT LINE, INC. et al.

BEASLEY, Chief Judge.

The International Indemnity Company ("International") appeals from the court's order denying its motion for summary judgment and granting partial summary judgment to Saia and National Union Fire Insurance Company. The sole question resolved in that order was whether International or National Union was to be considered primary insurer and responsible for providing defense for Saia; the amount of defense costs was reserved for later determination and Saia's claim of bad faith refusal was left for a jury.

This case arose out of an accident involving a driver named Nes-

bit who collided with a truck driven by Burleson and titled to Saia. Burleson was operating the truck within Georgia under a lease-purchase arrangement with Saia that required him to carry insurance. International contends he was an employee and Saia claims he was an independent contractor. Saia was required under state and federal regulations to carry blanket insurance, which it did through a policy and self-insurance arrangement with National Union. Burleson had acquired his insurance with International through an agent recommended by Saia. Although Saia required insurance and recommended the agent, the only evidence on this point shows that Saia did nothing more and Burleson was apparently free to use any agent or insurer.

Saia and National Union contend that the specific policy covering the vehicle establishes that International is the primary insurer under Georgia's "insurance follows the car" rule. In a variety of enumerations, International contends that the National Union policy is primary, either through some allegation of fraud or through an argument that Saia's policy obtained pursuant to regulation is primary under all circumstances, regardless of other insurance.

In its nine-page order, the court thoroughly and correctly addressed the issues presented. Our decision is unpublished because the law here is clear and addressing the enumerations in the manner put forth by International, as this court does in published opinions, would reduce any precedential value of a published opinion.

There is no reading of the International policy that does not provide primary coverage for Saia. The policy uses the term "you" to mean the insured listed on the declarations page. The declarations shows Burleson listed as insured and shows a notation of "additional insured," later specified as Saia. In fact, the inclusion of Saia as an additional insured was for the additional consideration of $63. Even if Saia had not been named an insured and, as International insists, Burleson was an employee of Saia, International still agreed to extend primary coverage to Saia in these circumstances. The policy defines "insured" to include "[a]nyone liable for the conduct of [Burleson]. . . ." We have consistently held that such clauses provide primary coverage to employers in respondeat superior situations. *Aetna &c. Ins. Co. v. Empire Fire &c. Ins. Co.*, 212 Ga. App. 642, 643-644 (1) (a) (442 SE2d 778) (1994); *Ga. Mut. Ins. Co. v. Rollins, Inc.*, 209 Ga. App. 744, 745 (1) (434 SE2d 581) (1993). Both these cases are applications of the principles of *Zurich Ins. Co. v. New Amsterdam Cas. Co.*, 117 Ga. App. 426 (160 SE2d 603) (1968), upon which the trial court properly relied.

International contends the court misconstrued the policy provision providing primary insurance "for any covered auto you own." As the court properly noted, Saia is covered under the policy's definition

of "you" by virtue of its designation as an additional insured. The court also properly interpreted the undefined term "you own" to include Burleson's leasing of the truck. As Saia points out, an interpretation of "you own" that excludes any leasing arrangement would mean that this standard policy would not provide primary coverage when a driver was leasing his vehicle, a common occurrence. The court did not misconstrue the policy and International advances no evidence or authority to defeat its clear operation. International wishes to concentrate attention on who actually "owned" the truck at the time of the accident, but that does not control the issue. International agreed to provide primary coverage on the specific vehicle for the protection of both Burleson and Saia.

International also alleges it was fraudulently induced to provide coverage, but does not point to any evidence of misrepresentation. The application for insurance clearly shows Burleson's disclosure of his lease arrangement with Saia, and that Saia should be an additional named insured. On the application, Burleson is designated as "applicant" and "driver"; the only item that could be considered a representation that he owned the truck was his response of "1" to the question of "what is the total # of vehicles owned by the Applicant?" Neither the application nor the policy defines "own" or "owner" and it cannot be assumed that the terms exclude a lease purchaser such as Burleson.

International's contentions about Burleson's statement on the insurance application that he was not subject to the Motor Carriers Act and no PSC or ICC filings were required presents no issue of misrepresentation. Even if the statements were false, International representative's averment that International would not have issued a policy had it known it would be exposed to liability under PSC or ICC regulations presents no issue of reliance; the liability of Burleson, Saia, and International does not arise from any such regulation but from normal tort and insurance law. International was fully aware it was extending coverage to Saia, located in Louisiana.

International attempts to use the blanket coverage required by PSC and ICC regulation to avoid its liability under the policy specific to this truck. That regulation does not prevent a policy such as International issued. As noted by the court, the purpose of the regulation is not to protect an insurer of a specific vehicle but to protect the public as a whole. OCGA § 46-7-12 (a); *Carolina Cas. Ins. Co. v. Underwriters Ins. Co.*, 569 F2d 304, 312-313 (5th Cir. 1978). International points to no authority for the proposition that Saia's insurance procured pursuant to ICC or PSC regulation is necessarily to be used as primary in any and all instances. In fact, that is the argument specifically rejected by the Fifth Circuit in *Carolina Cas. Ins. Co. v. Underwriters Ins. Co.*, supra.

This case is substantially the same as *Ga. Mut. Ins. Co. v. Rollins, Inc.*, supra at 746-747 (2). As in that case, there are two insurers, one specific to the car and one general to the business, with the business taking a self-insured retention. As in that case, as between the two insurers, International's specific policy is primary and National Union's excess.

International also seems to contend that the self-insurance retention agreement between Saia (and its parent company) and National Union is outside the policy and not included in Saia's ICC and PSC filings, and therefore ineffective. Although neither party points to evidence showing whether the PSC filings include any approved self-insurance plan under OCGA § 46-7-12 (d), the PSC filing does not matter. The purpose of the regulation is the protection of the public. *Progressive Cas. Ins. Co. v. Bryant*, 205 Ga. App. 164 (421 SE2d 329) (1992). That public policy is upheld here; there has never been any question whether driver Nesbit is protected by primary insurance. The only question addressed here is which insurer is first responsible for defense costs; that is controlled by *Ga. Mut. Ins. Co. v. Rollins, Inc.*, supra, and by International's agreement to extend protection to Saia.

The court's order is correct and explains the issues. International's obligations are controlled by its policy.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

* * *

DECIDED NOVEMBER 14, 1996 — 

*James B. Gurley*, for appellant.
*Duncan & Mangiafico, George E. Duncan, Jr., Leslie P. Becknell*, for appellee.