## A00A2521. DUNDEE MILLS, INC. v. JOHN DEERE INSURANCE COMPANY.

(545 SE2d 604)

MILLER, Judge.

The central question presented is whether a shipper can maintain a direct action against the insurer of an interstate motor carrier whose employee stole the shipper's cargo. We answer in the negative and so affirm the trial court's grant of summary judgment[1] to the insurer.

According to the amended complaint, Dundee Mills, Inc. contracted with American Transportation Systems, Inc. to arrange for the delivery of a load of towels from Georgia to Miami, Florida. ATS selected W & A Harris Enterprises, Inc. to deliver the cargo, which never reached its destination because Harris's driver stole the load in transit.[2] Mills sued ATS, Harris, and John Deere Insurance Company to recover for the loss of its towels.

John Deere had issued a motor truck cargo insurance policy to Harris which was in effect at the time of the loss, but the policy excluded coverage for losses caused even indirectly by the dishonest or illegal acts of Harris, its employee, or agents. Based on this policy exclusion, John Deere moved for summary judgment which the trial court granted. On appeal, Mills argues that it was entitled to a direct recovery under the insurance policy irrespective of any exclusions which might apply to Harris. We disagree because, in this instance, Mills cannot maintain a direct action against the insurer, John Deere.

We conduct a de novo review of a trial court's grant of summary judgment.[3] In so doing, we construe the evidence in favor of the nonmovant to determine if any genuine issue of material fact exists and if the movant is entitled to judgment as a matter of law.[4]

1. The general rule is that an insurer may not be joined as a party defendant with its insured when there has been no judgment obtained against the insured.[5] Mills argues that it can nevertheless maintain this direct action against the insurer under OCGA § 46-7-

---

[1] The only question decided is whether the shipper can bring a direct action against the insurer without having first obtained a judgment against the insured motor carrier. In this sense, the instant grant of summary judgment to the insurer is not an adjudication on the merits of any ultimate responsibility to pay the shipper for the legal liability of the carrier once that liability is determined.

[2] The driver pled guilty to two counts of theft by taking in DeKalb Superior Court.

[3] *Southern Gen. Ins. Co. v. Ross*, 227 Ga. App. 191, 192 (489 SE2d 53) (1997).

[4] Id.

[5] *Glenn McClendon Trucking Co. v. Williams*, 183 Ga. App. 508 (1) (359 SE2d 351) (1987).

12 (a)[6] and (e)[7] because it is a third-party beneficiary of the insurance contract.[8]

> Although OCGA § 46-7-12 authorizes a shipper, such as [appellant Mills], to bring a direct action against the insurer who provides liability coverage to a motor common carrier, that statute does not apply to a cause of action which arises out of interstate commerce.[9]

"The sustaining of *actionable injury* is, under the statute, the only condition precedent to a suit on the policy."[10] But since it is undisputed that the loss of Mills's cargo occurred in interstate commerce, OCGA § 46-7-12 cannot serve as the basis for a direct action by the shipper against the insurer John Deere based on the motor truck cargo coverage policy it issued to Harris.[11]

2. The trial court concluded that the direct action statute was inapplicable, in part, because Mills failed to prove that the John Deere policy was approved by the Georgia Public Service Commission, and this ruling is enumerated as error.

Mills filed a cross-motion for summary judgment (but expressly based on the pleadings), and in reply, John Deere noted that Mills had not alleged and proved that the John Deere policy was approved by the Georgia PSC. Defendants further refuted any such contention with unrebutted evidence that Harris had no intrastate authority on file with the PSC, nor any insurance policy or endorsements because at all pertinent times the Georgia PSC did not require proof of insurance for carriers of general commodities cargo.

---

[6] In cases of vehicles transporting freight, the holder of a certificate of public convenience and necessity shall give bond, with adequate security to secure the owner or shipper against "loss or damage to such freight for which the motor common or contract carrier may be legally liable. . . ."

[7] "[A]ny person having a cause of action arising under this article [Title 46, Chapter 7, Article 1 (OCGA §§ 46-7-1 through 46-7-39) may] join the motor [common] carrier and the insurance carrier in the same action . . ." if a policy of indemnity insurance is given in lieu of bond. This also includes liability insurance. *Great American Indem. Co. v. Vickers*, 53 Ga. App. 101, 106 (185 SE 150) (1936), aff'd, 183 Ga. 233 (188 SE 24) (1936).

[8] See, e.g., *American Motorists Ins. Co. v. King Shrimp Co.*, 199 Ga. App. 847, 848 (1) (406 SE2d 273) (1991) (if carrier's insurance policy is approved by the Georgia Public Service Commission under OCGA § 46-7-12, the policy becomes a substitute surety bond, the insurer is absolutely liable for any loss occasioned by its insured, and suit against the insurer is on the insurance contract "of which plaintiff is a third-party beneficiary under the law. . . . [Cit.]"). Nevertheless, the Georgia pre-judgment direct action statute does not apply unless an insurance policy is issued with the approval of the PSC. *Glenn McLendon Trucking Co. v. Williams*, supra, 183 Ga. App. at 509 (1).

[9] (Citations omitted.) *Commercial Union Ins. Co. v. Bradley Co.*, 186 Ga. App. 610, 612 (1) (367 SE2d 820) (1988).

[10] (Emphasis in original.) *Great American Indem. Co. v. Vickers*, supra, 183 Ga. at 236.

[11] Id.

Summary judgment can be granted to a nonmoving party provided that the grant is proper in all other respects.[12] A plaintiff proceeding against an insurer under OCGA § 46-7-12 must prove the existence of the policy of insurance, although the limits of coverage should be kept from the jury.[13] While a nonmovant has no obligation to rebut issues not raised in a summary judgment motion,[14] here the issue of PSC approval of the John Deere policy was clearly raised by the evidence submitted in opposition to Mills's cross-motion for summary judgment. In that context, the trial court did not err in ruling that Mills bore the onus of proving that the PSC had approved John Deere's motor truck cargo insurance policy, as this is a prerequisite to a direct action against the insurer under OCGA § 46-7-12 (e).

3. Mills relies on the policy itself as authority for this direct action. John Deere agreed to pay

> any shipper or consignee for all loss of or damage to all property belonging to such shipper or consignee, and coming into the possession of the insured in connection with such transportation service, *for which loss or damage the insured may be held legally liable. . . .*[15]

John Deere's cargo insurance endorsement is required by federal regulations for motor common carriers.[16] Consistent with these requirements, the endorsement provides coverage of up to $5,000 for loss or damage to property carried on any one motor vehicle. Relying on *Commercial Union Ins. Co. v. Bradley Co.*,[17] Mills argues that this endorsement allows it to sue John Deere directly. We disagree.

First, the language of this endorsement has been held to provide only contingent liability[18] and so does not of its own force authorize a direct action against the insurer. Second, the Supreme Court of Georgia has concluded that the federal law requiring a motor carrier to provide surety for damage to cargo does not itself authorize a direct action against the motor carrier's insurer.[19] Third, the correct statement of the holding in the *Commercial Union* case, as applied to the facts of this case, is: "As a *judgment creditor of* [Harris], [Mills] would, however, be authorized to bring a direct action against [John

---

[12] *Signet Bank/Va. v. Tillis*, 196 Ga. App. 433, 434 (396 SE2d 54) (1990).
[13] *Ashley v. Goss Bros. Trucking*, 269 Ga. 449, 450 (499 SE2d 638) (1998).
[14] See *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 690 (1) (458 SE2d 876) (1995).
[15] (Emphasis supplied.)
[16] 49 CFR § 387.303 (c).
[17] Supra, 186 Ga. App. at 612 (2).
[18] *J. Aron & Co. v. Svc. Transp. Co.*, 486 FSupp. 1070, 1077 (D. Md. 1980).
[19] *Hartford Ins. Co. v. Henderson & Son, Inc.*, 258 Ga. 493, 494-495 (371 SE2d 401) (1988).

Deere] in [its] capacity as [Harris's] liability insurer."[20] It is undisputed that Mills has not obtained any judgment against Harris. If and when it does, it is then free to pursue John Deere as a potential source of satisfaction.[21] The trial court correctly ruled that John Deere is not subject to a direct action by the aggrieved shipper in this case involving cargo lost in interstate commerce.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 12, 2001.

*Newton & Howell, John T. Newton, Jr., Larry S. Mayfield,* for appellant.

*Dennis, Corry & Porter, Alisa W. Terry, Scott W. McMickle,* for appellee.

---

[20] (Citations omitted; emphasis in original.) *Commercial Union Ins. Co. v. Bradley Co.,* supra, 186 Ga. App. at 612 (2).
[21] *Glenn McLendon Trucking Co. v. Williams,* supra, 183 Ga. App. at 513 (12).