[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 13 2001
THOMAS K. KAHN
CLERK

_____

No. 00-15055
Non-Argument Calendar

_____

D. C. Docket No. 99-00417-CV-JEC-1

BYRON MILLER,
ADER MILLER,

Plaintiffs-
Counter-Defendants,
Appellants,

versus

HARCO NATIONAL INSURANCE COMPANY,

Defendant,
Counter-Claimant,
Appellee,

GALO MOYA, d.b.a. Shippers Services Express,
SHIPPERS SERVICES EXPRESS,

Defendants-Appellees.

_____

_____

No. 00-15444
Non-Argument Calendar

_____

D. C. Docket No. 99-00417-CV-JEC-1

BYRON MILLER,
ADER MILLER,

Plaintiffs-
Counter-Defendants,
Appellees,

versus

HARCO NATIONAL INSURANCE COMPANY,

Defendant-
Counter-Claimant,

GALO MOYA, GALO MOYA, d.b.a.
Shippers Services Express,
SHIPPERS SERVICES EXPRESS,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

**(February 13, 2001)**

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

The present suit arises from an incident in Michigan where Byron Miller's tractor-trailer was involved in a car accident with a truck allegedly owned by Galo Moya and his company, Shippers Services Express, Inc. Byron and his wife, Ader Miller, sought compensation in Michigan for their injuries. After the Michigan court

granted them a default judgment, they sought to have the order enforced in Georgia against the defendants.

The district court granted summary judgment to the Millers and against Moya and his company, enforced the Michigan order and held them liable for the accident. Finding that Harco National Insurance Company ("Harco") had not insured Shippers Services Express, Inc. but only Galo Moya d.b.a. Shippers Services Express, the district court dismissed Harco from the suit and denied the Millers' motion for summary judgment against them.

On this consolidated appeal Moya asks us to review whether the district court erred in: 1) granting the Millers summary judgment, thus enforcing the default judgment; 2) finding that the Michigan court had personal jurisdiction over him; 3) finding that no material dispute existed as to whether the Moya and his company were alter egos of one another; and 4) finding that the Michigan judgment was entitled to full faith and credit.

After thorough review of the briefs and record for this case as well as the well-reasoned analysis of the district court, we affirm the court's decision to grant the Millers summary judgment against Galo Mayo and Shippers Services Express[1]

---

[1]For the reasons noted in the district court's opinion, Shippers Services Express, Inc. and Shippers Services Express may be used interchangeably throughout this opinion.

3

adopting substantially the reasons offered in the district court's opinion dated August 30, 2000.

The Millers appeal the grant of summary judgment to Harco who won on its own competing motion for summary judgment by stating that the company did not provide coverage for the named insured in this case. The Millers counter that the issue is not whether Harco would be liable under its policy for the Michigan judgment, but whether Harco is liable for the judgment issued in the district court against all the Moya defendants, including its named insured, Galo Moya d.b.a. Shippers Express Services. This question requires some analysis by this Court. Yet, it has become evident that any theory by which we would proceed to answer this issue involves questions of state law for which there is no clear controlling legal precedent. As a result, we certify the questions noted at the end of this discussion to the Georgia Supreme Court under the authority granted by O.C.G.A. § 15-2-9 (2000).

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA, PURSUANT TO O.C.G.A. § 15-2-9.

DISCUSSION

Harco provides insurance for Mayo who took out a policy in the name of Galo Mayo d.b.a. Shippers Services Express. It has previously been established that motor

4

carrier companies with vehicles registered in Georgia[2] must maintain, as a matter of law, a certain level of insurance to protect the public from potential injury. *See* O.C.G.A. §§ 46-7-1 through 46-7-15; *Ross v. Stephens*, 496 S.E.2d 705, 707 (Ga. 1998). Consistent with such state obligations, 49 C.F.R. §§ 387.1-387.15 requires insurers of motor carrier companies to attach a federal MCS-90 form to its policies demonstrating an intent to provide coverage for potential torts committed against members of the public. *See Century Indem. Co. v. Carlson*, 133 F.3d 591, 594 (8th Cir. 1998) ("The MCS-90 provides a broad guaranty that the insurer will pay certain judgments incurred by the insured regardless of whether the motor vehicle involved is specifically described in the policy or whether the loss was otherwise excluded by the terms of the policy").

Georgia courts have also held that an insurer is subject to the insurance provisions concerning third-party victims regardless of whether the insured timely notified the insurer, *see Progressive Cas. Ins. Co. v. Bryant*, 421 S.E.2d 329, 331 (Ga. App. 1992); *Seawheels, Inc. v. Bankers & Shippers Ins. Co. of New York*, 333 S.E.2d 650, 653-54 (Ga. App. 1985), or whether the particular truck in question is listed on

---

[2]It has previously been determined by the district court and we acknowledge our concurrence here that Shippers Services Express meets the statutory definition of a motor common carrier company. *See* O.C.G.A.§ 46-1-1 (9)(B).

the insured's policy. *See Ross*, 496 S.E.2d at 707. The terms of Harco's policy also support this interpretation.[3]

Without strong arguments against any of these cases, Harco has advanced the argument that the suit in Michigan was against Shippers Services Express and not Galo Mayo d.b.a. Shippers Services Express, who is the covered party by the policy, and thus there was no judgment against "the insured" in this case. To support this argument, Harco relies on *Shelby Insurance Company v. Ford* which held that a child could not recover from the insurance company for injuries sustained at a day care center where the owner and not the center itself was the insured. 454 S.E.2d 464, 465-66 (Ga. 1995) ("It was with [the owner], as an individual, that appellant contracted to provide insurance coverage, and that contract cannot be enlarged by the court to include as a named insured a wholly distinct legal entity").

While we understand the district court's reluctance to "enlarge" the scope of coverage for the insurance contract, we are not adequately convinced that the public policy encompassed in legislation regarding motor carrier coverage (which allows for

---

[3]The endorsement on Harco's policy states in pertinent part:
[T]he insurer agrees to pay . . . any final judgment recovered against the insured for public liability . . . regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. (Tab 49).

broad construction of motor carrier insurance coverage) and the narrow facts of this case do not dictate another conclusion. *See American Southern Inc. Co. v. Golden*, 373 S.E.2d 652, 653 (Ga. App. 1988) ("Contracts of insurance are to be construed strictly against the insurer and in favor of the insured when language contained therein is susceptible to two or more constructions. Where the insurer grants coverage to an insured, it must define any exclusions in its policy clearly and distinctly"). As a result, we certify the following questions to the Georgia Supreme Court:[4]

1.      Whether Georgia law recognizes a distinction between a suit against an individual doing business as a corporate entity and a suit against just the aforementioned legal entity? The question becomes whether insurance coverage given to final judgments against a named individual doing business as a corporate entity also provides such coverage when the final judgment is rendered solely against the corporate entity in suits under the motor common carrier provisions?

---

[4]When doubts exists as to the application of state law, "a federal court should certify the question to the state supreme court to avoid making unnecessary state law guesses and to offer the state court the opportunity to interpret or change existing law." *Pogue v. Oglethorpe Power Corp.,* 82 F.3d 1012, 1017 (11th Cir. 1996).

2. When the insured party is found liable based on a theory of piercing the corporate veil, is the insurer then liable for the same, even if no independent coverage exists under the insurance policy?

3. Does the mere fact that a court held the insured liable for an act covered by his policy create liability for the insurer?

The particular phrasing used in the certified questions should not restrict the Supreme Court's consideration of the issues in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are given.

The clerk of this court is directed to transmit this certificate, as well as the briefs and record filed with the court, to the Supreme Court of Georgia, and simultaneously to transmit copies of the certificate to the attorneys for the parties.

AFFIRMED IN PART, QUESTION CERTIFIED TO SUPREME COURT OF GEORGIA GRANTED IN PART.