[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2011
JOHN LEY
CLERK

No. 11-11811
_____

D. C. Docket No. 1:10-cv-00043-JRH-WLB

LILLIE JENKINS,

Plaintiff-Appellant,

versus

ALLSTATE PROPERTY & CASUALTY INSURANCE
COMPANY, and/or Allstate Property and Casualty
Insurance Company,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 13, 2011)

Before EDMONDSON and ANDERSON, Circuit Judges, and LAWSON,* District
Judge.

PER CURIAM:

_____
*Honorable Hugh Lawson, United States District Judge for the Middle District of Georgia, sitting
by designation.

Lillie Jenkins ("Plaintiff") brought this action against her property insurer, Allstate Property & Casualty Insurance Company ("Allstate"), based upon Allstate's refusal to pay for damages incurred as a result of a house fire and a subsequent theft. The fire occurred on December 20, 2007; the theft occurred on January 18, 2008. After investigation, Allstate denied the claims for several reasons, including: material misrepresentations in the application; material misrepresentations during the claim process; failure to comply with the terms and conditions of the Policy during the claims process, including but not limited to, the failure to provide certain financial information and proof of ownership; and because the fire was intentionally set and Allstate's investigation found that the only persons with motive and opportunity were the insureds. Plaintiff filed suit on February 24, 2010. The district court addressed none of the grounds upon which Allstate had denied Plaintiff's claims, because the district court held that Plaintiff failed to file suit within the applicable two-year statute of limitations. The fire loss occurred on December 20, 2007, and the theft loss occurred on January 18, 2008. Plaintiff filed suit on February 24, 2010, more than two years after the losses.

The Policy itself provided for a one-year statute of limitations, providing that suit must be brought "within one year after the inception of loss or damage." Both

parties conceded in the district court and concede on appeal that the Policy's one-year statute of limitations is invalid, because it is in direct conflict with Georgia law.

Georgia Code § 33-32-1(a) provides as follows:

> No policy of fire insurance covering property located in this state shall be made, issued, or delivered unless it conforms to all provisions and the sequence of the standard or uniform form prescribed by the Commissioner, except that, with regard to multiple line coverage providing other kinds of insurance combined with fire insurance, this Code section shall not apply if the policy contains, with respect to the fire portion of the policy, language at least as favorable to the insured as the applicable portions of the standard fire policy, and such multiple line policy has been approved by the Commissioner.

O.C.G.A. § 33-32-1(a) (2005). The Standard Fire Policy referred to in the statute provides as follows:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within two (2) years next after inception of the loss.

Ga. Comp. R. & Regs. 120-2-19-.01 (2010).

Relying upon two grounds, the district court reformed the instant Policy to conform to the two-year statute of limitations required by O.C.G.A. § 33-32-1(a) and the Standard Fire Policy. The district court relied upon the Conformity Provision in the instant Policy, and also upon Fireman's Fund Ins. Co. v. Dean, 441

3

S.E.2d 436 (Ga. Ct. App. 1994) (even in the absence of a conformity provision, reforming a fire insurance policy to conform to the Standard Fire Policy).

Because we conclude that the plain language of the Conformity Provision in the instant Policy requires that the instant Policy be amended to substitute the two-year statute of limitations in the Standard Fire Policy for the one-year provision in the instant Policy, we need not decide whether the Dean case would indicate this same result even in the absence of the Conformity Provision. The Conformity Provision in the instant Policy provides as follows: "Conformity to state statutes. When the policy provisions conflict with the statutes of the state in which the residence premises is located, the provisions are amended to conform to such statutes." Such conformity provisions are enforced by the Georgia courts. See Great Am. Indem. Co. v. Vickers, 188 S.E. 24, 26 (Ga. 1936) ("[T]he policy itself recites that it is 'amended to conform to the requirements' of the law of the state. Accordingly, any provision in the policy of insurance, in so far as it may conflict with the plain provisions of the statute, must give way, and is superseded by the statutory provisions.").

The clear and obvious intent of the parties to the instant Policy is that the statute of limitations provision in the instant Policy should be amended to conform to the two-year statute of limitations provision in the Standard Fire Policy. Thus

4

conformed, the language of the instant Policy provides for a two-year statute of limitations as required by Georgia's Standard Fire Policy. Contrary to Plaintiff's argument on appeal, the "at least as favorable" language of O.C.G.A. §33-32-1(a) is not thus rendered meaningless. Rather, the thus conformed two-year statute of limitations language of the instant Policy clearly complies with the requirement of O.C.G.A. §33-32-1(a) that the policy "language [be] at least as favorable to the insured as the applicable portions of the standard fire policy."

Plaintiff argues that the one-year statute of limitations period in the Policy is void, that there is thus no limitations period, and therefore that Georgia's general six-year statute of limitations for simple contract should apply. We reject Plaintiff's argument because it ignores the Conformity Provision in this Policy.

Plaintiff also argues that O.C.G.A. §33-32-1(a) distinguishes between single line fire policies (which the statute says must conform to the Standard Fire Policy), on the one hand, and, on the other hand, multiple line coverage (combining fire coverage with other kinds of insurance). Instead of simply requiring conformity to the Standard Fire Policy, as in single line coverage, the statute requires, with respect to multiple line coverage, that the "policy language [be] at least as favorable to the insured as the applicable provisions of the standard fire policy." O.C.G.A. §33-32-1(a). Plaintiff argues that, to give some meaning to the "at least

5

as favorable" language and to differentiate that from merely conforming to the Standard Fire Policy, courts should read the "at least as favorable" language as including policy language providing for a limitations period of anywhere between the two-year minimum and the general six-year period.

We can assume arguendo that the "at least as favorable" language of the statute could have the meaning suggested by Plaintiff. However, in the instant case, the parties to the Policy clearly intended for the Conformity Provision to amend the Policy's statute of limitations provision by substituting the two-year statute of limitations in the Standard Fire Policy. The parties actually desired a one-year statute of limitations unless that conflicted with state law. Thus, it is clear that the parties intended the Conformity Provision to substitute the closest limitations period permitted by the relevant state law. The parties clearly intended for the Conformity Provision in this Policy to substitute the two-year statute of limitations in the Standard Fire Policy.[1]

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

[1] We can also assume arguendo – but we expressly do not decide – that, with respect to an insurance policy without a Conformity Provision, the Plaintiff's argument might have greater force.